Scott M. Grace S.B.N. 236621
The Grace Law Group, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@lawlh.com
Phone: (619) 346-4600
Fax:  (619) 501-8106

Attorneys for Plaintiff Ngoc Jenny Tran

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ngoc Jenny Tran,<br><br>         Plaintiffs,<br><br>vs.<br><br>Velocity Investments, LLC and<br>Mandarich Law Group, LLP,<br><br>        Defendants. | Case No. 5:18-cv-2257<br><br>Complaint for Violations of the Fair Debt Collection Practices Act, the Fair Debt Buying Practices Act and the Rosenthal Act |

Complaint                 Case Number 5:18-cv-2257

-1-

## I. Introduction

1.     Plaintiff Ngoc Jenny Tran, ("Tran" or "Plaintiff"), through her counsel, brings this action to challenge the acts of Defendants Velocity Investments, LLC ("Velocity") and Mandarich Law Group, LLP (hereinafter "Mandarich") (collectively "Defendants") regarding violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the California Fair Debt Buying Practices Act ("FDBPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* ("RFDCPA" or "Rosenthal Act"), which both prohibit debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

2.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.     Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## II. Jurisdiction and Venue

5.     This action arises out of violations by both Defendants of the FDCPA under 15 U.S.C. §1692, *et seq.*, and of the Rosenthal Act under Cal. Civ. Code §1788, *et seq* and violations by Defendant Velocity of the FDBPA under Cal. Civ. Code §1788.50, *et seq*

6.     Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692(k), and 28 U.S.C. §1367 for supplemental state claims.

7.     As Defendants engage in business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

Complaint                                                                 Case Number 5:18-cv-2257

-2-

8.     Venue is proper pursuant to 28 U.S.C. §1391 as one or more Defendants are located in the Central District and do business in the Central District, and some or all of the acts at issue herein occurred in the Central District.

### III.    Parties

*Plaintiff*

9.     Plaintiff is a natural person residing in Montclair, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a consumer debt, allegedly owed to Velocity (hereinafter "Debt").

10.    As Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing, she is a "debtor" as that term is defined by California Civil Code §1788.2(h) and incorporated into California Civil Code §1788.50(c).

*Velocity*

11.    Plaintiff is informed and believes that Defendant Velocity is and was at all relevant times a New Jersey limited liability company, or "LLC" engaged in the business of purchasing and collecting charged-off consumer debts with its principal place of business located at 1800 Route 34 North, Building 3, Suite 303 in Wall, New Jersey, and is a "debt buyer" as that term is defined by California Civil Code §1788.50(a)(1).

12.    Velocity's principal purpose is to collect money on the debts it purchases, and as such Velocity is a "debt collector" under 15 U.S.C. §1692a.

13.    Defendant Velocity, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

*Mandarich*

14.    Plaintiff is informed and believes that Defendant Mandarich is and was at all relevant times a California limited liability partnership, or "LLP" and a person

who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

15. Defendant Mandarich, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

## IV. Facts Common to all Claims for Relief

### *Filing of False Claims in the State Court Complaint*

16. On June 4, 2018, Mandarich filed a complaint ("State Court Complaint"), on behalf of and as agent for Defendant Velocity, in the Superior Court of California for the County of San Bernardino against Plaintiff, in the matter of *Velocity Investments, LLC v. Ngoc Jenny Tran*, *et al*, case number CIVDS1814035 ("State Court Action"). A copy of this State Court Complaint is attached hereto as Exhibit 1.

17. Plaintiff was later served with a copy of the State Court Complaint.

18. Defendants' claims in the State Court Action were predicated on two factual and legal claims:

a. that Tran executed a "Promissory Note" with "WebBank" and

b. that WebBank's rights under this "Promissory Note" were assigned at some point to Velocity.

19. As it turns out, both of these claims were false.

### *False Claim of a Valid "Promissory Note"*

20. In the State Court Complaint, Defendants alleged that Tran applied for a loan from WebBank, and at paragraph 11 of the State Court Complaint alleged that Tran "agreed to comply with the terms governing the use of the Account, as it

was amended from time to time, including paying WebBank and any successors in interest…"

21.    Apparently based on this agreement, Defendants also alleged at paragraphs 25 to 27 of the State Court Complaint that Tran breached an agreement, and on that basis Defendants claimed a right to collect $7,284.39.

22.    At paragraph 20 of the State Court Complaint, Defendants incorporated a document into their pleadings, denominated "Exhibit A," attached and filed with the State Court Complaint, and entitled "Borrower Promissory Note."

23.    Based on the above allegations it is clear that the "Borrower Promissory Note" is the basis for Defendants' claim of a right to collect $7,284.39 from Tran.

24.    This document, the "Borrower Promissory Note" attached to the State Court Complaint, purports to memorialize an agreement by "WebBank" to loan the sum of $10,000.00 to Tran, to be paid back over a period of thirty-six months.

**Defects on Face of "Borrower Promissory Note"**

25.    This "Promissory Note" was never signed or executed by Tran: in fact it does not even bear a place for Tran to sign.

26.    Instead, this document bears the following text:

> By signing this Note, I acknowledge that I (i) have read and understand all terms and conditions of this Note, (ii) agree to the terms set forth herein, and (iii) acknowledge receipt of a completely filled in copy of this Note.
> By: Prosper Marketplace, Inc
> Attorney-in-Fact for Ngoc Jenny Tran [Borrower]
> (Signed Electronically)

27.    Tran never retained "Prosper Marketplace, Inc" as her "attorney-in-fact," nor did she ever grant "Prosper Marketplace, Inc" the authority to sign contracts for her.

28.    Without any valid consent from Tran herself, as opposed to some third party claiming to be her "attorney in fact," this unsigned "Borrower Promissory

Note" is both invalid for lack of consent, and for failure to meet the requirements of California's Statute of Frauds, at California Civil Code §1624(a)(1):

> (a)  The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent:
> (1) An agreement that by its terms is not to be performed within a year from the making thereof.

29.    Not only does this document not bear any indicia of consent by Tran or any actual agent of Tran, it also indicates that any notice from Tran to WebBank, including arbitration demands, should also be sent to WebBank "c/o Prosper Marketplace, Inc…"

30.    In other words, not only does Prosper Marketplace, Inc hold itself out as "Attorney-in-Fact" for Tran, but also as an agent of WebBank.

31.    This clear conflict of interest violates California Probate Code §4232(a):

> An attorney-in-fact has a duty to act solely in the interest of the principal and to avoid conflicts of interest.

32:    Here Prosper Marketplace, Inc, who holds itself out as Tran's "attorney-in fact" with a duty to act only in her interests, simultaneously holds itself out as agent for WebBank, including for receipt of arbitration demands.

33.    Tran, who was forced to defend herself against these highly suspicious claims, hired counsel.

34.    Counsel for Tran served written discovery requesting the documents underlying Velocity and Mandarich's claims.

**_Defects on Face of "Borrower Registration Agreement"_**

35.    Among the documents produced by Velocity, through Mandarich, was a document entitled "Borrower Registration Agreement."

36.    In this unsigned document, Prosper Funding, LLC (referred to in that document as "Prosper") purportedly agrees with Tran that Prosper Funding, LLC

and Prosper Marketplace, Inc (referred to in that documents as "PMI") would be authorized as "attorney in fact" to consent to the terms of a promissory note between Tran and WebBank.

37.    Specifically, at paragraph 24, this "Borrower Registration Agreement" provides that:

> IF YOUR LISTING RECEIVES SUFFICIENT LENDER COMMITMENTS TO FUND, AND YOU DO NOT WITHDRAW YOUR LISTING PRIOR TO EXPIRATION OF THE FUNDING PERIOD, YOU HEREBY AUTHORIZE EACH OF PROSPER AND PMI TO ACT AS YOUR ATTORNEY-IN-FACT TO EXECUTE A PROMISSORY NOTE ON YOUR BEHALF IN THE FORM SET FORTH ON THE ATTACHED EXHIBIT A IN FAVOR OF WEBBANK AND TO APPOINT A REGISTRAR (WHO MAY BE PROSPER OR PMI) TO MAINTAIN A REGISTER IN WHICH SUCH REGISTRAR WILL MAKE BOOK ENTRY NOTATIONS IDENTIFYING THE OWNER OF SUCH PROMISSORY NOTE, IT'S (*sic*) ADDRESS AND ITS PAYMENT INSTRUCTIONS.

38.    This text is followed by what appears to be a space to sign, but there is no signature in this space.

39.    Tran never signed this document, or agreed to this "appointment" of Prosper Marketplace, Inc., or Prosper Funding, LLC as her "attorney-in-fact."

40.    California Probate Code §4121 requires that any "power of attorney" authorization be signed by the principal, or in the principal's presence and at her direction.

41.    Prosper Funding, LLC and Prosper Marketplace, Inc are California entities based in California, and Tran is and was at all relevant times a resident of California, subjecting this purported transaction to California law, and to the requirements of California Probate Code §4121.

42.    In this same document, Prosper Funding, LLC actually uses the term "we" to identify Prosper Funding, LLC *and WebBank*, clearly identifying their interests with WebBank and not Tran, a transparent conflict of interest and a violation of California Probate Code §4232(a), which prohibits such conflicts of interests.

43.     Tran never signed the "Borrower Registration Agreement" and never agreed to appoint Prosper Funding, LLC or Prosper Marketplace, Inc as her "attorney-in-fact."

44.     Given Prosper Funding, LLC and Prosper Marketplace, Inc's clear alliance and agency with WebBank, these parties could never act as Tran's "attorney-in-fact" regardless, given their clear conflict of interest with Tran's interest, and the prohibition on such conflicts of interest under California Probate Code §4232(a).

45.     As Prosper Marketplace, Inc could not provide consent as "attorney-in-fact" to the "Borrower Promissory Note" on Tran's behalf, and Tran never provided such written consent, the "Borrower Promissory Note" is invalid for lack of consent.

46.     As noted above, an unsigned contract that contemplates payments over a period of more than a year also violates California's Statute of Frauds, an additional reason that this "Promissory Note" is and was invalid and unenforceable.

47.     Despite the obvious defects with this unsigned "Promissory Note," Defendants chose to sue Tran and falsely claim that they had the right to do so under the "Promissory Note."

48.     This false representation violates the FDCPA and the Rosenthal Act.

***False Claim that Velocity is the only entity to purchase the debt post-charge off***

49.     In the State Court Complaint, at paragraph 2, Defendants claimed that Defendant Velocity was "the only entity that purchased this debt after charge off."

50.     Plaintiff is informed and believes, and thereon alleges, that this representation is false.

51.     In discovery in the State Court Action, Defendants produced documents listing a charge off date of February 21, 2017, and also produced a "Bill of Sale" from "Prosper Funding, LLC" to Velocity.

52.     Prosper Funding, LLC did not issue any loan to Tran, and there is no indication that they actually owned the debt alleged in the State Court Complaint.

53.    It appears that Prosper Funding, LLC did not own the account at issue, and could not sell it to Velocity.

54.    This false allegation that Velocity is "the only entity that purchased this debt after charge off," or that Velocity even owned the debt alleged, violates the FDBPA, the FDCPA and the Rosenthal Act.

***False Claims Regarding the Amount of the Debt Alleged***

55.    Even if Velocity did somehow own the account or debt at issue here, they did not have the right to sue for the principal amount that they claimed.

56.    As the unsigned "Borrower Promissory Note" that forms the basis for Defendants' claims is invalid, Defendants had no right to collect compound interest, fees, or the like from Tran.

57.    Despite this fact, Defendants filed the State Court Action in an attempt to collect amounts which Tran never agreed to pay and which are not due.

58.    Defendants' acts caused Tran to suffer stress and fear, and caused her to incur attorney time in her defense.

**V.    Allegations Specific to Certain Claims for Relief**

**FIRST CLAIM FOR RELIEF**

**(Violations of the FDCPA by Defendant Mandarich)**

59.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

60.    Defendant Mandarich violated the FDCPA. Defendant's violations include, but are not limited to the following:

a.    15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

b.    15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

c.    15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

d.      15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

e.      15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

f.      15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

g.      15 U.S.C. §1692f(1) by collection of an amount not expressly authorized by the agreement creating the debt, or by law.

61.      Plaintiff is entitled to actual damages sustained as a result of Defendant Mandarich's conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

## SECOND CLAIM FOR RELIEF
### (Violations of the Rosenthal Act)

62.      Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

63.      Based on information and belief, Defendants' acts and omissions violated California Civil Code § 1788, *et seq*.

64.      Defendants violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the FDCPA, including, but not limited to, the following:

a.      15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

b.      15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

c.      15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

d.      15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

e.      15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

f.      15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

g.      15 U.S.C. §1692f(1) by collection of an amount not expressly authorized by the agreement creating the debt, or by law.

65.    Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

66.    As a proximate result of the violations of the Rosenthal Act committed by Defendants, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

**THIRD CLAIM FOR RELIEF**

**(Violations of the FDBPA by Velocity)**

67.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

68.    Velocity's acts and omissions violated the California Fair Debt Buying Practices Act including, but not limited to Cal. Civ. Code §1788.58(a). Velocity's violations of Cal. Civ. Code §1788.58(a) include, but are not limited to the following:

a.      Failing to state the name and an address of the charge-off creditor at the time of charge off and the charge-off creditor's account number associated with the debt;

b.      Failing to state the names and addresses of all persons or entities that purchased the debt after charge-off, including the plaintiff debt buyer;

69.    As a proximate result of the violations of the California Fair Debt Buying Practices Act, Tran is entitled to her actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

### FDCPA

1.    An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Mandarich and for the Plaintiff;

2.    An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Mandarich and for the Plaintiff;

3.    An award of costs of litigation and reasonable attorney's fees against Mandarich and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

### Rosenthal Act

4.    An award of actual damages pursuant to California Civil Code § 1788.30(a) against all named Defendants and for Plaintiff;

5.    An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against all named Defendants and for Plaintiff;

6.    An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against all named Defendants;

### FDBPA

7.    An award of actual damages pursuant to California Civil Code § 1788.62(a)(1) against Velocity and for Plaintiff;

8.    An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.62(a)(1) against Velocity and for Plaintiff;

9.    An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.62(c)(1) against Velocity and for Plaintiff; and

10.    Such other and further relief this court may deem just and proper.

Complaint                                                          Case Number 5:18-cv-2257

1

**JURY DEMAND**

2

    1.      Plaintiff demands a trial by jury.

3

4

5

Dated: October 23, 2018           The Grace Law Group, APC

6

                              /s/ Scott M. Grace

7

                            Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint                                          Case Number 5:18-cv-2257