UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ngoc Jenny Tran,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Velocity Investments, LLC and<br>Mandarich Law Group, LLP,<br><br>　　　　　　　　　Defendants. | Case No. 18-cv-02257-FMO-SHK<br><br>**[Draft] Joint Discovery Plan pursuant to FRCP 26(f) and the December 3, 2018 Order of this Court** |

　　　Plaintiff Ngoc Jenny Tran ("Plaintiff" or "Tran") and Defendants Velocity Investments, LLC ("Velocity") and Mandarich Law Group, LLP ("Mandarich")(jointly "Defendants") submit this Joint Discovery Report in accordance with Rule 26(f) of the *Federal Rules of Civil Procedure* and pursuant to the Court's December 3, 2018 Order [Docket No. 17].

**Statement of the Case**

**<u>Plaintiff's Contentions:</u>**

Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and Fair Debt Buying Practices Act ("FDBPA") as well as the Rosenthal Act.

*FDCPA/Rosenthal Act*

Plaintiff contends that both Velocity and Mandarich are subject to and violated the FDCPA and the Rosenthal Act, by filing a state court collection lawsuit containing false claims of a debt based on a promissory note.

Specifically Plaintiff contends Velocity and Mandarich attempted to collect an amount not due, based on a "promissory note" that was not enforceable as Plaintiff never consented to the terms of the promissory note alleged in Defendants' State Court Complaint. Plaintiff contends, based on discovery received in the state court action, that a third party, "Prosper Marketplace, Inc" apparently attempted to consent on Plaintiff's behalf, acting as Plaintiff's purported "attorney in fact."

Plaintiff contends that "Prosper Marketplace, Inc" was never authorized as "attorney-in fact" to sign any promissory note for Plaintiff, and that any purported authorization for Prosper Marketplace Inc to so act does not meet the California requirements for powers of attorney.

Plaintiff further contends that as she never entered any "promissory note," Velocity had no right to collect any compound interest or contractual fees, or even simple interest beyond California's legal rate. Plaintiff contends that the amount that Defendants attempted to collect from Plaintiff were either not owed at all, or alternatively were inflated, and that Defendants attempts to collect these amounts not owed violate 15 USC 1692d, e and f and their subparts, and by extension the Rosenthal Act.

*FDBPA*

Plaintiff further contends that in the State Court Complaint Velocity falsely claimed to be "the only entity that purchased this debt after charge off," and issue

still in dispute. Plaintiff further contends that Velocity falsely claimed a right to amounts greater than those actually owed, if any. This claims lead to mixed issues of fact and law, similar to those addressed above.

**Defendants' Contentions:**

Defendants contend that Plaintiff's complaints are meritless due to the following facts. On June 24, 2015, Plaintiff executed a "Borrower Registration Agreement" under loan number 362366 for a loan of money including finance charges for the amount of $10,000. During the electronic loan application process, Plaintiff was required to create a unique e-mail and password that was connected to her online account. The electronically signed Agreement was electronically delivered by Prosper Marketplace (the servicer), and could only be accessed by Plaintiff through her unique e-mail and password verification. She was required to electronically check a box and click a button to agree to the Borrower Registration Agreement. Plaintiff subsequently received the $10,000 deposit to her bank account. In short, Plaintiff could have completed the loan application process and thereafter received the $10,000.00 deposit unless she had checked a box and clicked a button to agree to the Borrower Registration Agreement.

In entering into that Borrower Registration Agreement, Plaintiff authorized Prosper to act as her "attorney-in-fact" for the limited purpose of executing a promissory note on her behalf in the form set forth on an attached Exhibit A to the Registration Agreement. While Plaintiff asserts that this power of attorney is invalid due to conflict of interest, these assertions are legally invalid. While Probate Code §4232(a), states that an attorney-in-fact has a duty to act solely in the interest of the principal and to avoid conflicts of interest, §4232(a) does not serve to invalidate a power of attorney. Instead, Cal Prob Code Div. 4.5, Pt. 2, Ch. 4, Art. 2, serves to create and describe a duty of care. Additionally, §4232(b) provides that there is no breach of the duty even if the attorney-in-fact- has conflicting interests regarding the affairs of the principal. Thus, even if §4232 could hypothetically serve to invalidate a power of attorney, Prosper never any duty to Plaintiff in doing exactly what

Plaintiff authorized it to do. The power of attorney was specifically limited to signing a copy of the promissory note, the form of which was provided to Plaintiff at the same time she signed the Borrower Registration Agreement.

Accordingly, the promissory note about which Plaintiff complains is legally valid as are any fees or other charges sought by Velocity in the State Court action, and this action is nothing more than an attempt by Plaintiff to avoid her debt. As to Plaintiff's second contention relative to the time of assignment, Velocity contends that it accurately represented itself to be the only entity receiving assignment after charge off.

Accordingly, from a factual perspective, Plaintiff's claims have no merit.

*Affirmative Defenses*

Alternatively, as to all of the above claims, both Velocity and Mandarich deny liability and claim as a defense that their acts were unintentional, and made notwithstanding the maintenance of procedures reasonably adapted to avoid violation of the statutes at issue in this action.

Both defendants further claim that Plaintiff's claims may be subject to arbitration according to the terms of the Registration Agreement and Note.

**Subject Matter Jurisdiction**:

As to Plaintiff's federal Fair Debt Collection Practices Act ("FDCPA") claims, this Court has original subject matter jurisdiction generally pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. 1692(k) specifically. As to Plaintiff's remaining California state law claims under the California Fair Debt Collection Practices Act ("CFDCPA" or "Rosenthal Act")(California Civil Code §1788 *et seq*) and the California Fair Debt Buying Practices Act ("FDCPA")( California Civil Code §1788.50 *et seq*), this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

/ / /

/ / /

**Legal Issues**:

*FDCPA/Rosenthal Act*

Plaintiff claims that California law, in particular California Probate Code §4000 *et seq*, governs any claimed "power of attorney" that Prosper Marketplace, Inc used to attempt to consent to a "promissory note" on behalf of Plaintiff Tran.

Plaintiff claims that any "power of attorney" claimed as a basis for consent by Plaintiff to the terms of the "promissory note" does not meet the requirements of California Probate Code §4000 *et seq,* in particular California Probate Code §4121, and therefore Defendants had no right to collect any amount based on the "promissory note" as the note was never validly executed: Plaintiff Tran never consented to the terms of this document.

As Plaintiff also claims that Defendants attempted to collect compound interest and contractual fees that were not actually due, this raises the issue of the legal requirements in California for charging compound interest or contract fees or interest beyond the legal rate generally.

As to the FDCPA and the Rosenthal Act generally, there are legal issues remaining as to whether Velocity's principal purpose is to collect money on the debts it purchases, one of the definitions of a "debt collector" under 15 U.S.C. §1692a, whether Velocity, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), one of the definitions of a "debt collector" under California Civil Code §1788.2(c), and whether Mandarich, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b).

*FDBPA*

There is also a mixed issue of fact and law remaining as to whether Velocity falsely claimed in the State Court Complaint that "the only entity that purchased this debt after charge off."

Joint Discovery Plan    18-cv-02257-FMO-SHK

-5-

*Affirmative Defenses*

As to all of the above claims, both Velocity and Mandarich claim as a defense that their acts were unintentional, and made notwithstanding the maintenance of procedures reasonably adapted to avoid violation of the statutes at issue in this action. As a result the intent of both Velocity and Mandarich is at issue, as well as their policies and procedures regarding both the statutes at issue and the acts undertaken by both defendants.

Both defendants further claim that Plaintiff's claims are subject to arbitration. The existence, applicability and enforceability of any arbitration clause are also therefore potentially at issue.

**Parties, Witnesses and Evidence**

Parties:

Plaintiff:

Percipient Witnesses:

    Plaintiff Tran

    WebBank

    Prosper Marketplace, Inc

    Prosper Funding, LLC

    Velocity Investments, LLC

    Mandarich Law Group, LLP

    Keith Walch

    Christine S. Siduguen

    Lisa Herme

    Stasia A. Rudiman

Key Documents

    State Court Complaint

    Ms. Tran's State Court Requests for Production, Set One

Velocity's Response to Ms. Tran's Requests for Production, Set One

Velocity's Bill of Particulars

Borrower Promissory Note

Borrower Registration Agreement

Terms of Use

Any account and/or collection file for the account at issue composed, compiled, or maintained by WebBank, Prosper Funding, LLC, Prosper Marketplace, Inc, Velocity or Mandarich, or any agent of these parties.

All documents attached to or referred to in Velocity's Bill of Particulars or Velocity's Response to Ms. Tran's Requests for Production, Set One

Mandarich Law Group: No subsidiaries, parents or affiliates

Percipient Witnesses:
- Prosper Marketplace/Prosper Funding
- WebBank
- Plaintiff
- Velocity Corporate Representative
- Mandarich Corporate Representative

Key Documents:
- State Court Complaint
- Chain of Title Documents
- Underlying Account Records
- Promissory Note/Registration Agreement

Velocity Investments, LLC: Velocity Investments, LLC is a wholly owned subsidiary of Velocity Asset Management, Inc.

Percipient Witnesses:

    Prosper Marketplace PMK(s)/Prosper Funding PMK(s)

    WebBank PMK(s)

    Plaintiff

    Velocity Investments, LLC PMK(s)

    Mandarich Law Group PMK(s)

Key Documents:

    State Court Complaint

    Chain of Title Documents

    Underlying Account Records

    Promissory Note/Registration Agreement

**Insurance**

Whether there is insurance coverage and the extent of such coverage.

Plaintiff:  Plaintiff has no insurance coverage that would apply to the claims at issue.

Defendant Velocity:  Velocity is insured by Landmark American Insurance Company, and Velocity is unaware of any reservation of rights.

Defendant Mandarich:  While Mandarich maintains insurance coverage, it has no intention to make any claim for coverage indemnity or defense.

**Magistrate Judge**

The parties do not unanimously consent to a Magistrate.

**Discovery**

    The parties propose the following discovery deadlines:

    Fact Discovery Cut-Off: October 31, 2019.

    Initial Expert Designation:  November 15, 2019

    Rebuttal Expert Designation:  November 30, 2019

    Exchange of Expert Reports:  December 31, 2019

    Expert Discovery Cut-Off:  February 15, 2020

Joint Discovery Plan                                                          18-cv-02257-FMO-SHK

-8-

The parties do not presently anticipate filing amended pleadings or adding new parties, or requesting any transfer of venue.  Plaintiff would, however, request that any deadline to file amended pleadings be set out until at least April 15, 2019.

**Class Certification**

Not applicable.

**Dispositive Motions**

The parties propose that all dispositive motions be filed by November 30, 2019, or whatever earlier date falls 30 days after the close of fact discovery.

Plaintiff anticipates filing one or more motions for summary judgment regarding the issues of whether defendants are subject to the FDCPA and the Rosenthal Act, whether Defendants have violated the three statutes at issue, and whether defendants are entitled to a "bona fide error" defense as to the three statutes at issue as a matter of law.

Defendants Mandarich and Velocity will file motions for summary judgment proving that Plaintiff did indeed incur the debt, agree to the promissory note, default on the debt, and that no misstatements were made in the complaint.

**Settlement/Alternative Dispute Resolution (ADR):**

On Thursday, January 10th, Plaintiff made a global settlement offer. Defendants propose ADR Procedure No. 1 (the Court Mediation Panel) after the closure of discovery.  Plaintiff proposes the Court Mediation Panel as well, but is open to mediation either before or after the closure of discovery.

**Pretrial Conference and Trial**

The Parties propose a pre-trial conference set for April 15, 2020, and a trial date of May 15, 2020.

**Trial Estimate**

The Parties anticipates a three-day jury trial, with five or six witnesses for Plaintiff and three or four witnesses for Defendants.

Joint Discovery Plan                                                                    18-cv-02257-FMO-SHK

**Trial Counsel**

For Plaintiff: Stephen G. Recordon and Clinton Rooney

For Defendant Velocity: Glenn T. Barger and Molshree Gupta

For Defendant Mandarich: Lisa Herme & Nicole M. Strickler

**Independent Expert or Master**

    The parties do not anticipate any legal or factual issues of sufficient complexity to warrant the appointment of an independent expert or master.

**Other Issues**

    The parties are not currently aware of any other issues impacting management of this case.

Dated: January 17, 2019               /s/ Scott M. Grace
                                                Scott M. Grace
                                                Attorney for Plaintiff

Dated: January 17, 2019               /s/ Glenn T. Barger
                                                Glenn T. Barger
                                                Attorney for Defendant Velocity Investments, LLC

Dated: January 17, 2019               /s/ Lisa Herme
                                                Lisa Herme
                                                Attorney for Defendant Mandarich Law Group, LLP

**Signature Certification**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Glenn T. Barger and Lisa Herme, counsel for Defendants Velocity Investments, LLC, and Mandarich Law Group, LLP respectively and that I have obtained Mr. Barger and Ms. Herme's authorization to affix their electronic signatures to this document.

Dated: January 17, 2019                /s/ Scott M. Grace
                                       Scott M. Grace
                                       Attorney for Plaintiff