Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA  92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
1sgrecordon@gmail.com
Attorneys for Plaintiff Ngoc Jenny
Tran

Nicole M. Strickler (IL 6298459)
**Messer Strickler, Ltd.**
225 W. Washington St., Suite 575
Chicago, IL 60606
nstrickler@messerstrickler.com
Attorney for Defendant
Mandarich Law Group, LLP

Gregory K. Sabo, Esq. (SBN 169760)
Molshree Gupta, Esq. (SBN 275101)
**Chapman Glucksman Dean & Roeb**
11900 West Olympic Boulevard,
Suite 800
Los Angeles, CA 90064
gsabo@cgdrblaw.com
mgupta@cgdrlaw.com
Attorney for Defendant
Velocity Investments, LLC

Dara Chevlin Tarkowski
**Actuate Law LLC**
641 W. Lake Street, 5th Floor
Chicago, IL 60661
dara.tarkowski@actuatelaw.com
Attorney for Defendant
Velocity Investments, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ngoc Jenny Tran,<br><br>                              Plaintiffs,<br><br>vs.<br><br>Velocity Investments, LLC and<br>Mandarich Law Group, LLP,<br><br>                              Defendants. | Case No. 18-cv-02257-FMO-SHK<br><br>**Statement of Uncontroverted Facts**<br><br>Judge: Hon. Fernando M. Olguin<br>Date:  December 5, 2019<br>Time:  10:00 A.M. |

| Number | Undisputed Fact | Citation to Evidence | Opposing Parties' Response | Citation to Evidence |
|--------|-----------------|---------------------|---------------------------|---------------------|
| P1 | Velocity Investments, LLC is a debt buyer as defined by California Civil Code §1788.50(a). | Exhibit 11-Defendant Velocity Investments, LLC's April 11, 2019 Responses to Plaintiff's Requests for Admission, Further Response to Request No. 3<br><br>Exhibit 3-Declaration of Stephen G. Recordon in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶14-15<br><br>Exhibit 10-Plaintiff's Requests for Admission to Defendant Velocity Investments, LLC, Set One, Request No. 3.<br><br>Exhibit 2-Declaration of Scott M. Grace in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8 | Undisputed. | |
| P2 | Velocity regularly | Exhibit 11- | Undisputed. | |

| | | purchases consumer debts, here defined as debts incurred for personal, family or household purposes. | Defendant Velocity Investments, LLC's April 11, 2019 Responses to Plaintiff's Requests for Admission, Further Response to Request No. 4 | | |
| --- | --- | --- | --- | --- | --- |
| | | | Exhibit 3- Declaration of Stephen G. Recordon in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶14-15 | | |
| | | | Exhibit 10- Plaintiff's Requests for Admission to Defendant Velocity Investments, LLC, Set One, Request No. 4. | | |
| | | | Exhibit 2- Declaration of Scott M. Grace in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8 | | |
| | P3 | The consumer debts Velocity purchases are regularly charged off. | Exhibit 11- Defendant Velocity Investments, LLC's April 11, | Undisputed | |

| | | | | |
|---|---|---|---|---|
| | | | 2019 Responses to Plaintiff's Requests for Admission, Further Response to Request No. 5.<br><br>Exhibit 3- Declaration of Stephen G. Recordon in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶14-15<br><br>Exhibit 10- Plaintiff's Requests for Admission to Defendant Velocity Investments, LLC, Set One, Request No. 5.<br><br>Exhibit 2- Declaration of Scott M. Grace in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8 | | |
| P4 | Velocity regularly collects or attempts to collect the defaulted consumer debts that Velocity purchases. | Exhibit 11- Defendant Velocity Investments, LLC's April 11, 2019 Responses to Plaintiff's Requests for | Undisputed | |

| | | Admission, Further Response to Request No. 6.<br><br>Exhibit 3- Declaration of Stephen G. Recordon in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶14-15<br><br>Exhibit 10- Plaintiff's Requests for Admission to Defendant Velocity Investments, LLC, Set One, Request No. 6.<br><br>Exhibit 2- Declaration of Scott M. Grace in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8 | | |
| P5 | Mandarich Law Group, LLP is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or | Defendant Mandarich Law Group, LLP's Answer and Affirmative Defenses to Plaintiff's Complaint, ¶14 [Docket No. 15] | Undisputed | |

| | | | | |
|---|---|---|---|---|
| | | asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6). | | | |
| P6 | Mandarich Law Group litigates debt collection cases against consumer defendants on a regular basis | Exhibit 24- Deposition of Ryan Vos, page 8, lines 8-22 | Undisputed | |
| P7 | The majority of the debts that Mandarich Law Group, LLP collects are consumer debts in nature | Exhibit 24- Deposition of Ryan Vos, page 8, lines 8-22 | Undisputed | |
| P8 | Mandarich Law Group, LLP regularly files debt collection lawsuits on behalf of Velocity Investments, LLC | Exhibit 25- Deposition of Matthew DiPaolo, page 7, lines 16-23<br><br>Exhibit 24- Deposition of Ryan Vos, page 26, line 13 to page 27, line 20 | Undisputed | |
| P9 | Mandarich Law Group, LLP regularly files debt collection lawsuits on behalf of Velocity Investments, LLC on debts involving Prosper Funding, LLC | Exhibit 24- Deposition of Ryan Vos, page 26, line 13 to page 27, line 20 | Undisputed | |
| P10 | Ms. Tran used the money she received on the account at issue primarily for personal, household and family purposes | Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶29-30 | Disputed. | Exhibit ___- Deposition of Jenny Tran, P. 20, L.22 – P, 21, L.11.; P. 26, L.24-P.27, L. 14 (Plaintiff had an online retail business and used the money to pay all sorts of |

| | | | | |
|---|---|---|---|---|
| | | | | different bills including business and house but has no way of going back and identifying what she used the money for). |
| P11 | Prosper Funding, LLC and Prosper Marketplace, Inc are located in San Francisco, California, as well as Phoenix, Arizona | Exhibit 23-Deposition of Michael J. Cassidy, page 29, line 23 to page 30, line 5 | Undisputed | |
| P12 | Prosper Funding, LLC has no employees | Exhibit 23-Deposition of Michael J. Cassidy, page 29, line 23 to page 30, line 5 | Undisputed | |
| P13 | Prosper Funding, LLC has solely processed loans issued by WebBank, and no other creditor, since at least 2014 | Exhibit 23-Deposition of Michael J. Cassidy, page 23, lines 7-14 and page 73, lines 7-12 | Undisputed | |
| P14 | Prosper Funding, LLC has processed loans solely for individuals, and not businesses, since at least 2014 | Exhibit 23-Deposition of Michael J. Cassidy, page 24, line 23 to page 25, line 12 | Undisputed | |
| P15 | Prosper Funding, LLC has processed loans solely for the personal, household or family use of individuals since at least 2014 | Exhibit 23-Deposition of Michael J. Cassidy, page 24, line 23 to page 25, line 12 | Undisputed | |
| P16 | Prosper Funding, LLC regularly purchases the consumer loans it | Exhibit 23-Deposition of Michael J. | Undisputed | |

| | | | | | |
|---|---|---|---|---|---|
| | | processes from the issuer, WebBank. | Cassidy, page 28, line 16 to page 29, line 3 | | |
| | P17 | When Prosper Funding, LLC purchases loans from WebBank, they typically do so within about three days, prior to any delinquency. | Exhibit 23- Deposition of Michael J. Cassidy, page 29, lines 1-11 | Undisputed | |
| | P18 | When Prosper Funding, LLC purchases a loan, they regularly sell those loans to their "investors." | Exhibit 23- Deposition of Michael J. Cassidy, page 27, line 2 to page 29, line 18 | Disputed; misstatement of evidence, unsupported by admissible evidence. | Exhibit 23- Deposition of Michael J. Cassidy, page 27, line 2 to page 29, line 18 |
| | P19 | When Prosper Funding, LLC sells a loan to their "investors" they do so within a short period of time after Prosper Funding, LLC themselves purchased that debt. | Exhibit 23- Deposition of Michael J. Cassidy, page 29, lines 12-18 | Disputed; misstatement of evidence, unsupported by admissible evidence. | Exhibit 23- Deposition of Michael J. Cassidy, page 27, line 2 to page 29, line 18 |
| | P20 | By the time WebBank agrees to issue a loan through Prosper Funding, LLC, and the loan is "fully funded," an "investor" has typically already agreed to purchase the loan from Prosper Funding, LLC. | Exhibit 23- Deposition of Michael J. Cassidy, page 52, line 21 to page 53, line 25 | Disputed; misstatement of evidence, unsupported by admissible evidence. | Exhibit 23- Deposition of Michael J. Cassidy, page 52, line 21 to page 53, line 25 |
| | P21 | When WebBank issues a loan to a consumer through Prosper Funding, LLC, they do so through a "Borrower Promissory Note." | Exhibit 23- Deposition of Michael J. Cassidy, page 89, line 19 to page 92, line 21  Exhibit 45- "Borrower Promissory Note" (Bates | Undisputed. | |

| | | stamp numbers Prosper 000062-Prosper 000065, Ex 29 to *Deposition of Michael J. Cassidy*) | | |
|---|---|---|---|---|
| P22 | Prosper Funding, LLC generates the "Borrower Promissory Note" through their software platform. | Exhibit 23-Deposition of Michael J. Cassidy, page 91, lines 20-22. | Disputed; misstatement of evidence, unsupported by admissible evidence. | Exhibit 23-Deposition of Michael J. Cassidy, page 92, line 6-11 |
| P23 | Prosper Funding, LLC considers the "Borrower Promissory Note" to be executed when WebBank approves the loan | Exhibit 23-Deposition of Michael J. Cassidy, page 94, lines 7-22. | Undisputed. | |
| P24 | The "Borrower Promissory Note" is "signed" for the consumer by Prosper Funding, LLC or Prosper Marketplace, Inc | Exhibit 23-Deposition of Michael J. Cassidy, page 94, line 23 to page 95, line 7.<br><br>Defendant Mandarich Law Group, LLP's Answer and Affirmative Defenses to Plaintiff's Complaint, ¶30 [Docket No. 15]<br><br>Exhibit 45-"Borrower Promissory Note" (Bates stamp numbers Prosper 000062-Prosper 000065, Ex 29 to *Deposition of Michael J. Cassidy*) | Disputed; misstatement of evidence, unsupported by admissible evidence. | Exhibit 23-Deposition of Michael J. Cassidy, page 94, line 23 to page 95, line 7. |

Statement of Uncontroverted Facts

18-cv-02257-FMO-SHK

| | | | |
|---|---|---|---|
| P25 | On or about June 11, 2015, Ms. Tran began to fill out an application for credit on Prosper Funding, LLC's website | Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶4 | Undisputed. | |
| P26 | Ms. Tran did not finish the loan application process on Prosper Funding, LLC's website on June 11, 2015. | Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶6 | Undisputed. | |
| P27 | Ms. Tran went back to Prosper Funding, LLC's website to finish the application on June 22, 2015. | Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶6 | Undisputed. | |
| P28 | In order to obtain a loan through Prosper Funding, LLC's website, Ms. Tran had to check, or "click" a box on various pages on Prosper Funding, LLC's website, in order to indicate her consent to the terms on that page, or to indicate that she had received the disclosures on that page. | Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8 | Undisputed. | |
| P29 | Ms. Tran had to "click," or check a box on Prosper Funding, LLC's website to indicate her consent to the Terms of Use and Electronic Consent in order to | Exhibit 23- Deposition of Michael J. Cassidy, page 59, line 9 to page 61 line 21 and page 62, line 18 to | Undisputed. | |

| | | | | |
|---|---|---|---|---|
| | | continue with the loan application process | page 63, line 10, Exhibit 30- "Terms of Use and Electronic Consent" (Bates stamp numbers Prosper 000013- Prosper 000018, Ex 15 to *Deposition of Michael J. Cassidy*)  Exhibit 31- "Terms of Use and Electronic Consent" (Bates stamp numbers Prosper 000034- Prosper 000039, Ex 16 to *Deposition of Michael J. Cassidy*)  Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8 | | |
| | P30 | Ms. Tran had to "click," or check a box on Prosper Funding, LLC's website to indicate her consent to the Data Terms of Use in order to continue with the loan application process | Exhibit 23- Deposition of Michael J. Cassidy, page 63, line 11 to page 64, line 19 and page 65, lines 13- 19  Exhibit 33-"Data Terms and Use" (Bates stamp numbers Prosper | Undisputed. | |

| | | 000019-Prosper 000021, Ex 17 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 34-"Data Terms of Use" (Bates stamp numbers Prosper 000047-Prosper 000049, Ex 18 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 1-Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8 | | |
|---|---|---|---|---|
| P31 | Ms. Tran had to "click," or check a box on Prosper Funding, LLC's website to indicate her receipt of the Prosper Privacy Disclosure in order to continue with the loan application process | Exhibit 23-Deposition of Michael J. Cassidy, page 67, line 7 to page 68, line 14<br><br>Exhibit 35-"Prosper Privacy Policy" (Bates stamp numbers Prosper 000022-Prosper 000025, Ex 19 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 36-"Prosper Privacy Policy" (Bates | Undisputed. | |

|  |  |  | stamp numbers Prosper 000040-Prosper 000042, Ex 20 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 1-Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8 |  |  |
|---|---|---|---|---|---|
| P32 | Ms. Tran had to "click," or check a box on Prosper Funding, LLC's website to indicate her receipt of the Prosper Phone Number Disclosure in order to continue with the loan application process | Exhibit 23-Deposition of Michael J. Cassidy, page 73, line 15 to page 74, line 20<br><br>Exhibit 39-"Phone Number Disclosure" (Bates stamp numbers Prosper 000030, Ex 23 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 1-Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8 | Undisputed. |  |
| P33 | Ms. Tran had to "click," or check a box on Prosper Funding, LLC's website to indicate her receipt of the Prosper | Exhibit 23-Deposition of Michael J. Cassidy, page 75, line 20 to page | Undisputed. |  |

| | | | | |
|---|---|---|---|---|
| | | Credit Bureau Disclosure in order to continue with the loan application process | 76, line 3<br><br>Exhibit 41- "Credit Bureau Disclosure" (Bates stamp numbers Prosper 000032, Ex 25 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8 | | |
| | P34 | Ms. Tran had to "click," or check a box on Prosper Funding, LLC's website to indicate her consent to Prosper's Authorization to Debit in order to continue with the loan application process | Exhibit 23- Deposition of Michael J. Cassidy, page 76, line 17 to page 77, line 2<br><br>Exhibit 42- "Authorization to Debit Account" (Bates stamp numbers Prosper 000033, Ex 26 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8 | Undisputed. | |
| | P35 | Ms. Tran had to "click," | Exhibit 23- | Undisputed. | |

| | | | | |
|---|---|---|---|---|
| | or check a box on Prosper Funding, LLC's website to indicate her consent to Prosper's Borrower Registration Agreement and Limited Power of Attorney in order to continue with the loan application process | Deposition of Michael J. Cassidy, page 86, line 24 to page 87, line 12 and page 89, lines 3-18

Exhibit 44- "Borrower Registration Agreement and Limited Power of Attorney" (Bates stamp numbers Prosper 000052-Prosper 000061, Ex 28 to *Deposition of Michael J. Cassidy*)

Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-9 | | |
| P36 | Ms. Tran did not "click" the box on Prosper Funding, LLC's website for the Registration Agreement and Limited Power of Attorney, or otherwise indicate her consent to this document, in the presence of any witness | Exhibit 23- Deposition of Michael J. Cassidy, page 89, lines 3-18

Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶9-11 | Disputed; misstatement of evidence, unsupported by admissible evidence. | Exhibit 23- Deposition of Michael J. Cassidy, page 89, lines 3-18

Exhibit 1- Declaration of Ngoc Jenny Tran ¶¶ 8-9 |
| P37 | Ms. Tran did not | Exhibit 23- | Disputed; misstatement | Exhibit 23- |

| | | | | |
|---|---|---|---|---|
| | | "click" the box on Prosper Funding, LLC's website for the Registration Agreement and Limited Power of Attorney, or otherwise indicate her consent to this document, before a notary public, nor in any manner involving a notary public. | Deposition of Michael J. Cassidy, page 89, lines 3-18

Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶9-10 and 12 | of evidence, unsupported by admissible evidence. | Deposition of Michael J. Cassidy, page 89, lines 3-18

Exhibit 1- Declaration of Ngoc Jenny Tran ¶¶ 8-9 |
| | P38 | No other adult signed, electronically or physically, any document or agreement with Prosper Funding, LLC, entitled "Borrower Registration Agreement and Limited Power of Attorney" in Ms. Tran's presence, or with her consent. | Exhibit 23- Deposition of Michael J. Cassidy, page 89, lines 3-18

Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶13 | Disputed; misstatement of evidence, unsupported by admissible evidence. | Exhibit 23- Deposition of Michael J. Cassidy, page 89, lines 3-18 |
| | P39 | At or slightly before 2:23 P.M. on June 22, 2015, Ms. Tran "clicked," or checked a box on Prosper Funding, LLC's website to indicate her consent to Prosper's Borrower Registration Agreement and Limited Power of Attorney | Exhibit 47- "Event History" (Bates stamp numbers Prosper 000118-Prosper 000120, Ex 32 to *Deposition of Michael J. Cassidy*)

Exhibit 23- Deposition of Michael J. Cassidy, page 100, lines 1-16 and page 102, lines 9-11 | Undisputed. | |
| | P40 | By 4:22 P.M. on June | Exhibit 47- | Disputed; misstatement | Exhibit 47- |

| | | | | |
|---|---|---|---|---|
| | | 22, 2015, Prosper Funding, LLC sent Ms. Tran a message indicating that Ms. Tran's loan with WebBank was "fully funded." | "Event History" (Bates stamp numbers Prosper 000118-Prosper 000120, Ex 32 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 23-Deposition of Michael J. Cassidy, page 100, lines 1-16 and page 102, lines 9-11 | of evidence, unsupported by admissible evidence. | "Event History" (Bates stamp numbers Prosper 000118-Prosper 000120, Ex 32 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 23-Deposition of Michael J. Cassidy, page 100, lines 1-16 and page 102, lines 9-11 |
| | P41 | When a loan is "fully funded" on Prosper Funding, LLC's website, this indicates that WebBank has approved the loan | Exhibit 23-Deposition of Michael J. Cassidy, page 52, line 21 to page 53, line 5 | Undisputed. | |
| | P42 | It was not until Prosper Funding, LLC sent Ms. Tran a message indicating that Ms. Tran's loan with WebBank was "fully funded" that Ms. Tran had access to a copy of the "Borrower Promissory Note." | Exhibit 45-"Borrower Promissory Note" (Bates stamp numbers Prosper 000062-Prosper 000065, Ex 29 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 47-"Event History" (Bates stamp numbers Prosper 000118-Prosper 000120, Ex 32 to *Deposition of Michael J. Cassidy*) | Disputed; misstatement of evidence, unsupported by admissible evidence. | Exhibit 23-Deposition of Michael J. Cassidy, page 95, line 9 to page 96, 21<br><br>Exhibit 44-"Borrower Registration Agreement and Limited Power of Attorney" (Bates stamp numbers Prosper 000052-Prosper 000061, Ex 28 to *Deposition of Michael J.* |

| | | | | | |
|---|---|---|---|---|---|
| | | | Exhibit 23- Deposition of Michael J. Cassidy, page 100, lines 1-16 and page 102, lines 9-11<br><br>Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶18-19 | | *Cassidy*)<br><br>Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-9 |
| | P43 | Ms. Tran first viewed the "Borrower Promissory Note" at some point after 4:22 P.M., June 22, 2015. | Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶20-21<br><br>Exhibit 45- "Borrower Promissory Note" (Bates stamp numbers Prosper 000062- Prosper 000065, Ex 29 to *Deposition of Michael J. Cassidy*) | Disputed; misstatement of evidence, unsupported by admissible evidence. | Exhibit 23- Deposition of Michael J. Cassidy, page 95, line 9 to page 96, 21<br><br>Exhibit 44- "Borrower Registration Agreement and Limited Power of Attorney" (Bates stamp numbers Prosper 000052- Prosper 000061, Ex 28 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 1- Declaration of Ngoc Jenny Tran in Support of |

| | | | | Plaintiff's Motion for Partial Summary Judgment, ¶¶7-9 |
|---|---|---|---|---|
| P44 | Ms. Tran could not do anything with the "Borrower Promissory Note" other than read it. | Exhibit 23-Deposition of Michael J. Cassidy, page 33, line 5 to page 36, line 8<br><br>Exhibit 1-Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶25 | Disputed; this is not a fact, but argument, is a misstatement of evidence, and is unsupported by admissible evidence. | Exhibit 23-Deposition of Michael J. Cassidy, page 95, line 9 to page 96, 21<br><br>Exhibit 44-"Borrower Registration Agreement and Limited Power of Attorney" (Bates stamp numbers Prosper 000052-Prosper 000061, Ex 28 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 1-Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-9 |
| P45 | Ms. Tran did not check a box on Prosper Funding, LLC's website to indicate her consent to the Borrower Promissory Note | Exhibit 23-Deposition of Michael J. Cassidy page 89, line 19 to page 90, line 13 page | Disputed; misstatement of evidence, unsupported by admissible evidence. | Exhibit 44-"Borrower Registration Agreement and Limited Power of Attorney" |

| | | | | | |
|---|---|---|---|---|---|
| | | 93, line 7 to page 96, line 13 page 98, and line 21 to page 99, line 1 | | (Bates stamp numbers Prosper 000052- Prosper 000061, Ex 28 to *Deposition of Michael J. Cassidy*) | |
| | | Exhibit 45- "Borrower Promissory Note" (Bates stamp numbers Prosper 000062- Prosper 000065, Ex 29 to *Deposition of Michael J. Cassidy*) | | Exhibit 23- Deposition of Michael J. Cassidy page 95, line 5 to page 96, line 21 | |
| | | Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶15- 17, 22-27 and 41- 47 | | Exhibit ___- Deposition of Jenny Tran, P. 33, L. 5-21 (admitting to agreeing to the promissory note "electronically"). | |
| P46 | WebBank deposited $9,500.00 into Ms. Tran's bank account | Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶28 | Undisputed. | |
| | | Exhibit 23- Deposition of Michael J. Cassidy, page 40, line 19 to page 41 line 10 | | | |
| P47 | The loan number 362366 was associated with Ms. Tran's | Exhibit 25- Deposition of Matthew | Undisputed. | | |

| | | | | |
|---|---|---|---|---|
| | | account with Prosper Funding, LLC | DiPaolo, page 23, lines 3-7<br><br>Exhibit 49-"Prosper Support" (Loan #362366) (Bates stamp numbers Prosper 000310, Ex 36 to *Deposition of Michael J. Cassidy*) | | |
| | P48 | Prosper Funding, LLC sold Ms. Tran's account, Loan number 362366 to a third party "investor." | Exhibit 49-"Prosper Support" (Loan #362366) (Bates stamp numbers Prosper 000310, Ex 36 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 23-Deposition of Michael J. Cassidy, page 27, line 2 to page 29, line 18, page 43, line 22 to page 44, line 16, page 52, line 21 to page 53, line 25 and page 118, line 15 to page 123, line 22 | Undisputed. | |
| | P49 | At least one third party, SVTW, LP, possesses records regarding Loan 362366 | Exhibit 63-Document Subpoena to SVTW, L.P.<br><br>Exhibit 64-Response to Document Subpoena to | Undisputed. | |

| | | | | |
|---|---|---|---|---|
| | | SVTW, L.P. (Prosper Positions File Sample.pdf)(page 1, column entitled "Loan Number")  Exhibit 3- Declaration of Stephen G. Recordon in Support of Plaintiff's Motion for Partial Summary Judgment ¶¶20-21 | | |
| P50 | The name "SVTW, LP" appears as a "seller" on the Bill of Sale under which Velocity Investments, Inc claims to have purchased Ms. Tran's account | Exhibit 50-"Bill of Sale" (Bates stamp number VEL 000067, Ex 5 to *Deposition of Matthew DiPaolo*)  Exhibit 25- Deposition of Matthew DiPaolo, page 18, lines 13-24 and page 26, line 25 to page 28, line 9 | Disputed; misstatement of evidence, contradicted by admissible evidence. | Exhibit 50- "Bill of Sale" (Bates stamp number VEL 000067, Ex 5 to *Deposition of Matthew DiPaolo*)  Exhibit 25- Deposition of Matthew DiPaolo, page 18, lines 13-24 and page 26, line 25 to page 28, line 9 |
| P51 | SVTW, LP was identified by Velocity Investments, LLC as a party with knowledge regarding Ms. Tran's account in discovery | Exhibit  12- Plaintiff's Interrogatories to Defendant Velocity Investments, LLC, Set One, Interrogatory 1  Exhibit 2- Declaration of | Undisputed. | |

| | | | | |
|---|---|---|---|---|
| | | Scott M. Grace in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8<br><br>Exhibit 13-Defendant Velocity Investments, LLC's April 11, 2019 Responses to Plaintiff's Interrogatories, Interrogatory 1<br><br>Exhibit 3-Declaration of Stephen G. Recordon in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶18-19 | | |
| P52 | Velocity Investments, LLC's designated witness claims no knowledge of SVTW, LP | Exhibit 25-Deposition of Matthew DiPaolo, page 28, lines 17 to page 29, line 7 | Undisputed. | |
| P53 | Velocity Investments, LLC's designated witness does not know who owned Ms. Tran's account at the time it was sold to Velocity Investments, LLC | Exhibit 25-Deposition of Matthew DiPaolo, page 26, line 25 to page 28, line 9 and page 53, lines 9-14 | Disputed; misstatement of evidence, contradicted by admissible evidence. | Exhibit 25-Deposition of Matthew DiPaolo, page 26, line 19-22 |
| P54 | Mandarich Law Group, LLP continues to claim that Velocity Investments, LLC | Exhibit 24-Deposition of Ryan Vos page 36, line 20 to | Undisputed | |

Statement of Uncontroverted Facts

18-cv-02257-FMO-SHK

| | | | | | |
|---|---|---|---|---|---|
| | | purchased the account at issue from Prosper Funding, LLC even after this federal action was filed | page 37, line 23 | | |
| | P55 | Where a Bill of Sale lists multiple sellers, Mandarich does not require its attorneys to know which seller sold the account on which they are filing suit | Exhibit 24-Deposition of Ryan Vos, page 46, line 13 to page 47, line 8 | Disputed. Misstates testimony; contradicted by admissible evidence. | Exhibit 24-Deposition of Ryan Vos, page 45, L. 16 to page 47, L. 8. |
| | P56 | On June 4, 2018, Mandarich Law Group, LLP filed a complaint on behalf of and as agent for Defendant Velocity Investments, LLC, in the Superior Court of California for the County of San Bernardino against Plaintiff, in the matter of *Velocity Investments, LLC v. Ngoc Jenny Tran, et al*, case number CIVDS1814035 ("State Court Action"). | Defendant Mandarich Law Group, LLP's Answer and Affirmative Defenses to Plaintiff's Complaint, ¶16 [Docket No. 15]<br><br>Exhibit 67-State Court Complaint filed in *Velocity Investments, LLC v Ngoc Jenny Nguyen,* Superior Court of California for the County of San Bernardino case number CIVDS1814035 | Disputed. | Merritt v. Reserve Ins. Co., 34 Cal. App. 3d 858, 880-81, 110 Cal. Rptr. 511 (Cal. Ct. App. 1973). |
| | P57 | In their state court complaint, Defendants claimed that Ms. Tran executed a "Promissory Note" with "WebBank," that she owed a debt of $7,284.39 based on this Promissory Note, that the "charge off creditor" for Ms. Tran's loan was Prosper | Exhibit 67-State Court Complaint filed in *Velocity Investments, LLC v Ngoc Jenny Nguyen,* Superior Court of California for the County of San Bernardino case number CIVDS1814035 | Disputed; misstatement of evidence, contradicted by admissible evidence. | Exhibit 67-State Court Complaint filed in *Velocity Investments, LLC v Ngoc Jenny Nguyen,* Superior Court of California for the County of San |

| | | | | |
|---|---|---|---|---|
| | | Funding, LLC, and that Velocity was "the only entity that purchased this debt after charge off," which implies that Velocity purchased the debt at issue from Prosper. | | | Bernardino case number CIVDS181403 5 |
| P58 | | The State Court Action is still ongoing, and trial is currently set in the State Court for December 18, 2019. | Exhibit 2- Declaration of Scott M. Grace in Support of Plaintiff's Motion for Partial Summary Judgment, ¶4. | Undisputed. | |
| | | | | | |
| D1 | | All of Plaintiff's claims hinge on the argument that the State Court Complaint filed by Mandarich on behalf of Velocity contains two false statements: (i) that there is a valid Promissory Note which requires Plaintiff Tran to pay back her debt; and (ii) that Velocity is the only post-charge-off purchaser. | Complaint at ¶¶ 47, 54. | Dispute.  This claim, first, is not factual in nature, in violation of this Court's January 24, 2019 Order, at page 3, ¶7(b). Further, Plaintiff's claims are based *not only* on the theory that 1) Defendants falsely claimed that the "Borrower Promissory Note" they alleged was not enforceable as it was never validly consented to by Ms. Tran, *but also* because 2) Defendants falsely alleged, or implied, that Prosper Funding, LLC owned the account at issue and *as owner* sold it to Velocity, 3) that Defendants falsely alleged the amount of the debt at issue, and 4) that Velocity failed | *Complaint*, at ¶¶ 47-48, 52-57 and 68 |

| | | | | |
|---|---|---|---|---|
| | | | | to identify the true charge-off creditor and the account number used by that charge-off creditor. | |
| D2 | Plaintiff executed a "Borrower Registration Agreement" under loan number 362366 for a loan of money including finance charges for the amount of $10,000. | **Exhibit 68**, Affidavit of Keith Walch, dated November 1, 2018, P. 1; **Exhibit 26** at P. 79, L. 7–P. 80, L. 18 | This claim is compound.<br><br>Admit in part and dispute in part.<br><br>Plaintiff admits that she checked a box on Prosper Funding, LLC's website to consent to the terms of the "Borrower Registration Agreement" found as Exhibit 44 in the Joint Evidentiary Appendix.<br><br>Plaintiff denies that her checking a box on a website, with no witnesses or a notarized signature was sufficient to meet the requirements of California Probate Code §4121(c) to provide valid consent to confer a "Power of Attorney" on Prosper Funding, LLC or Prosper Marketplace, Inc.<br><br>Plaintiff further denies that the "Borrower Registration Agreement" actually provided for a specific loan of $10,000.00, or any specific fees or rate of compound interest. | Exhibit 23-Deposition of Michael J. Cassidy, page 86, line 24 to page 87, line 12 and page 89, lines 3-18<br><br>Exhibit 44- "Borrower Registration Agreement and Limited Power of Attorney" (Bates stamp numbers Prosper 000052-Prosper 000061, Ex 28 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-9 |

| | | | | |
|---|---|---|---|---|
| D3 | Plaintiff does not dispute agreeing to the Borrower Registration Agreement. | **Exhibit 26** at P. 24, L. 25-P. 26, L. 9. | Admit in part and dispute in part.<br><br>Plaintiff admits that she checked a box on Prosper Funding, LLC's website to consent to the terms of the "Borrower Registration Agreement" found as Exhibit 44 in the Joint Evidentiary Appendix.<br><br>Plaintiff disputes that her checking a box on a website, with no witnesses or a notarized signature was sufficient to meet the requirements of California Probate Code §4121(c) to provide valid consent to confer a "Power of Attorney" on Prosper Funding, LLC or Prosper Marketplace, Inc. | Exhibit 23-Deposition of Michael J. Cassidy, page 86, line 24 to page 87, line 12 and page 89, lines 3-18<br><br>Exhibit 44-"Borrower Registration Agreement and Limited Power of Attorney" (Bates stamp numbers Prosper 000052-Prosper 000061, Ex 28 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 1-Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-14 |
| D4 | Plaintiff reviewed the "Promissory Note" as Exhibit A to the Borrower Registration Agreement and knew she was signing up for a loan. | **Exhibit 26** at P. 30, L. 15-24. | This claim is compound<br><br>Admit in part, and dispute in part. Plaintiff admits that she knew she was attempting to apply for a loan. | Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-9, 15-27 |

| | | | | Plaintiff denies that she reviewed a filled out copy of the "Borrower Promissory Note" as Exhibit A to the "Borrower Registration Agreement. | Exhibit 45- "Borrower Promissory Note" (Bates stamp numbers Prosper 000062- Prosper 000065, Ex 29 to *Deposition of Michael J. Cassidy*) |
|---|---|---|---|---|---|
| | | | | In fact, and as shown in Exhibit 44 to the Parties' Joint Evidentiary Appendix, "Exhibit A" is an *unfilled out* form contract, which not only does not bear Ms. Tran's name, but also does not bear a loan amount, an amount of fees, or an interest rate. This document is **not** the filled out "Borrower Promissory Note" which forms the basis for Defendants' claim of a debt. | Exhibit 23- Deposition of Michael J. Cassidy, page 100, lines 1-16 and page 102, lines 9-11 |
| | | | | Furthermore, as Prosper Funding, LLC's witness testified, Ms. Tran did not receive a complete, filled out copy of the "Borrower Promissory Note" until *after* she "clicked" on the "Borrower Registration Agreement and Limited Power of Attorney" and after the "Borrower Promissory Note" had already been executed and funded. | Exhibit 44- "Borrower Registration Agreement and Limited Power of Attorney" (Bates stamp numbers Prosper 000052- Prosper 000061, Ex 28 to *Deposition of Michael J. Cassidy*)

Exhibit 47- "Event History" (Bates stamp numbers Prosper 000118- Prosper |

| | | | | | 000120, Ex 32 to *Deposition of Michael J. Cassidy*) |
|---|---|---|---|---|---|
| D5 | Plaintiff recalls "agreeing to the promissory note electronically." | **Exhibit 26** at P. 33, L. 2-21; P. 34, L. 14-18. | Dispute. | | |
| D6 | Plaintiff admits that she agreed to the terms contained in the Borrower Registration Agreement. | **Exhibit 26** at P. 33, L. 20-21 | Admit in part and dispute in part.<br><br>Plaintiff admits that she checked a box on Prosper Funding, LLC's website to consent to the terms of the "Borrower Registration Agreement" found as Exhibit 44 in the Joint Evidentiary Appendix.<br><br>Plaintiff disputes that her checking a box on a website, with no witnesses or a notarized signature was sufficient to meet the requirements of California Probate Code §4121(c) to provide valid consent to confer a "Power of Attorney" on Prosper Funding, LLC or Prosper Marketplace, Inc. | Exhibit 23- Deposition of Michael J. Cassidy, page 86, line 24 to page 87, line 12 and page 89, lines 3-18<br><br>Exhibit 44- "Borrower Registration Agreement and Limited Power of Attorney" (Bates stamp numbers Prosper 000052- Prosper 000061, Ex 28 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-14 |
| D7 | The parties to the | **Exhibit 44**, | Admit. | | |

Statement of Uncontroverted Facts

18-cv-02257-FMO-SHK

| | | Borrower Registration Agreement agreed that the subject transaction would be conducted by electronic means. | Borrower Registration Agreement, ¶ 23. | | |
|---|---|---|---|---|---|
| | D8 | The Borrower Registration Agreement contains an attorney-in-fact provision (the "Attorney-In-Fact Provision"). | **Exhibit 44**, ¶ 24. | Admit. | |
| | D9 | Pursuant to Attorney-In-Fact Provision, Plaintiff agreed to have the Promissory Note executed on her behalf. | **Exhibit 44**, ¶ 24. | Admit in part and dispute in part.<br><br>Plaintiff admits that she checked a box on Prosper Funding, LLC's website to consent to the terms of the "Borrower Registration Agreement" found as Exhibit 44 in the Joint Evidentiary Appendix.<br><br>Plaintiff disputes that her checking a box on a website, with no witnesses or a notarized signature was sufficient to meet the requirements of California Probate Code §4121(c) to provide valid consent to confer a "Power of Attorney" on Prosper Funding, LLC or Prosper Marketplace, Inc. | Exhibit 23-Deposition of Michael J. Cassidy, page 86, line 24 to page 87, line 12 and page 89, lines 3-18<br><br>Exhibit 44-"Borrower Registration Agreement and Limited Power of Attorney" (Bates stamp numbers Prosper 000052-Prosper 000061, Ex 28 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 1-Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7- |

| | | | | 14 |
|---|---|---|---|---|
| D10 | Utah law governs the Borrower Registration Agreement. | **Exhibit 44**, ¶ 19. | Dispute. This claim, first, is not factual in nature, in violation of this Court's January 24, 2019 Order, at page 3, ¶7(b).<br><br>Furthermore, this legal conclusion is unfounded. There are two principle defects with this "factual" claim. The first is that *as to the limited power of attorney portion of the "Borrower Registration Agreement and Limited Power of Attorney,"* where the principal granting a power of attorney is a California resident like Ms. Tran, California Probate Code §4052 specifically prohibits the imposition of any law other than California's Probate Code *regardless of choice of law clauses* as long as the power of attorney was executed in California or the principal was domiciled in California. Here both of the parties to the "Borrower Registration Agreement and Limited Power of Attorney," are located in California, and any execution of the "Borrower Registration | Exhibit 23- Deposition of Michael J. Cassidy, page 29, line 23 to page 30, line 5<br><br>(as to the California location of Prosper Funding, LLC)<br><br>Exhibit 44- "Borrower Registration Agreement and Limited Power of Attorney" Ex 28 to *Deposition of Michael J. Cassidy*, at Bates Stamp page Prosper 000057, ¶22(a)(iii)(b) and Prosper 000060, ¶18(a)(iii)(b)], and Exhibit 46- "Loan Truth in Lending Disclosure" Ex 30 to *Deposition of Michael J. Cassidy*)<br><br>(as to Ms. Tran's California residence) |

| | | | | Agreement and Limited Power of Attorney" presumably occurred where the parties are located. Furthermore, it is unclear whether any Utah choice of law clause is enforceable to *any* portion of this document as parties to a California contract like this may only choose a foreign law to govern their relationship if to do so would not violate any policy of California. *Ashland Chemical Company v Provence*, 129 Cal App 3rd 790, 794 (1982). Clearly contractual provisions that provide a power of attorney to a financial institution with contrary interests, without any of the protections carefully laid out in California's Probate Code violate California's public policy of protecting California residents against fraud, including elder fraud. | |
| D11 | During the electronic loan application process, Plaintiff was required to create a unique e-mail and password that was connected to her online account. | **Exhibit 68**, P. 2. | Admit. | |
| D12 | Plaintiff provided her electronic mail address | **Exhibit 26**, Deposition of | Admit. | |

| | | | | |
|---|---|---|---|---|
| | | and a unique password for her online account. | Ngoc Jenny Tran at P. 64, L. 10-22 | |
| | D13 | The electronically signed Agreement was electronically delivered by Prosper Marketplace (the servicer), and could only be accessed by Plaintiff through her unique e-mail and password verification. | **Exhibit 68**, P. 2. | Dispute based on ambiguity.  There is no Exhibit 68 listed in the parties' Evidentiary Appendix, nor is it apparent to Ms. Tran's counsel which Agreement is referred to here, or who "electronically signed" the agreement.  If Defendants are referring here to the Borrower Registration Agreement and Limited Power of Attorney, then admit. |
| | D14 | She was required to electronically check a box and click a button to agree to the Borrower Registration Agreement. | **Exhibit 68**, P. 2. | Admit. |
| | D15 | Plaintiff was advised that the amount received would be $9,500 as a result of a $500.00 origination fee she was advised of prior to entering into the transaction. | **Exhibit 26** at P. 31, L 7—P. 32 L 19; P. 29, L. 25—P. 30, L. 3. | Admit. |
| | D16 | Plaintiff subsequently received a $9,500 deposit to her bank account. | **Exhibit 26** at P. 31, L 7—P. 32 L 19; P. 29, L. 25—P. 30, L. 3. | Admit. |
| | D17 | Plaintiff received the $10,000 loan from WebBank, and failed to pay WebBank the amounts owed under the loan. | **Exhibit 26** at P. 93, L. 19 – P. 94 L. 9. | Dispute.  Ms. Tran never received $10,000.00 from WebBank, and did not "fail" to pay back $10,000.00, or the compound interest and fees sought by Defendants, because |

Statement of Uncontroverted Facts

18-cv-02257-FMO-SHK

| | | | | the "Borrower Promissory Note" on which Defendants base this claim was never signed by Ms. Tran, and Prosper Marketplace, Inc did not hold a valid California "power of attorney" in order to sign on Ms. Tran's behalf. | |
|---|---|---|---|---|---|
| D18 | Plaintiff completed her application for a loan from WebBank on June 22, 2015. | **Exhibit 6**, Declaration of John Goldston, ¶ 8. | Admit. | | |
| D19 | The Promissory Note was electronically executed by Prosper on the same date the Borrower Registration Agreement was signed. | **Exhibit 45**, Promissory Note, P. 2. | Admit in part, dispute in part. Ms. Tran does not dispute that Prosper Marketplace, Inc, or some apparent agent of that organization, affixed the text "Date: June 24, 2015 By: Prosper Marketlace, Inc Attorney-in-fact for Ngoc Jenny tran (Borrower)(Signed Electronically)" to Exhibit 45. Ms. Tran does not know whether this text was affixed on June 22, 2015, the date the "Borrower Registration Agreement and Limited Power of Attorney (Exhibit 44) was signed, as claimed by Defendants, or on June 24, 2015, the date shown on Exhibit 45. Ms. Tran does dispute that affixing this text to a document is a | Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7-9, 18-21 Exhibit 47- "Event History" (Bates stamp numbers Prosper 000118- Prosper 000120, Ex 32 to *Deposition of Michael J. Cassidy*) |

| | | | | | |
|---|---|---|---|---|---|
| | | | | binding "electronic execution" of a promissory note that binds Ms. Tran, as Prosper Marketplace, Inc never obtained a valid power of attorney, and thus cannot consent to a "promissory note" on Ms. Tran's behalf. | |
| D20 | The Promissory Note shows Prosper's electronic signature as "Attorney-in-Fact for Ngoc Jenny Tran" and is dated June 24, 2015. | **Exhibit 45**, generally. | | Admit in part, dispute in part.  Ms. Tran does not dispute that Prosper Marketplace, Inc, or some apparent agent of that organization, affixed the text "Date: June 24, 2015  By: Prosper Marketlace, Inc  Attorney-in-fact for Ngoc Jenny tran (Borrower)(Signed Electronically)" to Exhibit 45.  Ms. Tran does not know whether this text was affixed on June 22, 2015, as claimed by Defendants in Fact D19 above, or on June 24, 2015, the date on Exhibit 45.  Ms. Tran does dispute that affixing this text to a document has a legally binding effect on Ms. Tran, as she is not the signatory, and as Prosper Marketplace, Inc never obtained a valid power of attorney, and thus cannot consent to a "promissory note" on Ms. Tran's behalf. | Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶7- 9, 18-21

Exhibit 47- "Event History" (Bates stamp numbers Prosper 000118- Prosper 000120, Ex 32 to *Deposition of Michael J. Cassidy*) |

| D21 | On June 24, 2015, Plaintiff's Loan was originated by WebBank | **Exhibit 6**, ¶ 10. | Admit in part, dispute in part.  Ms. Tran does not dispute that WebBank issued a loan to Ms. Tran.  Ms. Tran does dispute the date of this transaction, however, as Prosper Funding, LLC's designated witness claimed that the loan at issue was "fully funded" on June 22, 2015. | Exhibit 47- "Event History" (Bates stamp numbers Prosper 000118-Prosper 000120, Ex 32 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 23- Deposition of Michael J. Cassidy, page 100, lines 1-16 and page 102, lines 9-11 |
| --- | --- | --- | --- | --- |
| D22 | On June 25, 2015, WebBank sold the loan to Prosper Funding LLC. | **Exhibit 6**, ¶¶ 11, 12. | Admit. | |
| D23 | On the same date, June 25, 2015, Prosper Funding LLC sold the Loan to SVTW, L.P. | **Exhibit 6**, ¶¶ 11, 12. | Admit in part, dispute in part.  Prosper Funding, LLC testified that they sold Ms. Tran's account on June 22, 2015, (not June 25, 2015) to an "investor" identified as "Camaraderi Gatherer."  While Prosper did not identify the true name of "Camaraderi Gatherer," SVTW, LP, does possess records regarding Loan 362366, a number associated with Ms. Tran's account, which SVTW, LP provided in response to a document subpoena, the name | Exhibit 3- Declaration of Stephen G. Recordon in Support of Plaintiff's Motion for Partial Summary Judgment ¶¶20-21<br><br>Exhibit 12- Plaintiff's Interrogatories to Defendant Velocity Investments, LLC, Set One, Interrogatory 1<br><br>Exhibit 23- |

| | | | | "SVTW, LP" appears as a "seller" on the Bill of Sale under which Velocity Investments, Inc claims to have purchased Ms. Tran's account and SVTW, LP was identified by Velocity Investments, LLC as a party with knowledge regarding Ms. Tran's account in discovery.<br>So while Ms. Tran does not have direct knowledge as to whether SVTW, LP is the party identified by Prosper Funding, LLC as "Camaraderi Gatherer," Ms. Tran does not dispute that SVTW, LP held ownership of the account at issue at some point. Velocity Investments, LLC's designated witness however, had no knowledge regarding SVTW, LP, though, and could not identify the sellers listed on the Bill of Sale at issue, indicating that there is an open question as to how many entities owned the account at issue, and when they owned it. | Deposition of Michael J. Cassidy, page 120, lines 1-17<br><br>Exhibit 25- Deposition of Matthew DiPaolo, page 18, lines 13-24, page 23, lines 3-7, page 26, line 25 to page 28, line 9 and page 53, lines 9-14<br><br>Exhibit 49- "Prosper Support" (Loan #362366) (Bates stamp numbers Prosper 000310, Ex 36 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 50- "Bill of Sale" (Bates stamp number VEL 000067, Ex 5 to *Deposition of Matthew DiPaolo*)<br><br>Exhibit 63- Document Subpoena to SVTW, L.P.<br><br>Exhibit 64- Response to |

| | | | | |
|---|---|---|---|---|
| | | | | Document Subpoena to SVTW, L.P. (Prosper Positions File Sample.pdf)(page 1, column entitled "Loan Number") |
| D24 | February 1, 2017 – Tran's Loan was charged-off. | **Exhibit 6**, ¶ 18. | Admit. | |
| D25 | March 20, 2017 – SVTW, L.P. through its agent, Prosper, sold Tran's loan to Velocity. | **Exhibit 6**, ¶ 19. | Dispute.  While Ms. Tran was not a participant in this claimed transaction, and thus has no direct knowledge, Ms. Tran notes that the designated witness for Mandarich Law Group, LLP continued to claim that 1) Velocity Investments, LLC purchased the account at issue from Prosper Funding, LLC even after this federal action was filed, and 2) Prosper Funding, LLC sold the debt at issue to Velocity.  Ms. Tran further notes that Velocity Investments, LLC's designated witness testified that he did not know who owned Ms. Tran's account at the time it was sold to Velocity Investments, LLC, and claimed no knowledge of SVTW, LP.  If English is to retain any meaning, it cannot simultaneously be true | Exhibit 25-Deposition of Matthew DiPaolo, page 26, line 25 to page 28, line 9, page 28, lines 17 to page 29, line 7, page 53, lines 9-14 and page 82, lines 10-21

Exhibit 24-Deposition of Ryan Vos page 36, line 20 to page 37, line 23 |

| | | | | |
|---|---|---|---|---|
| | | | that Prosper Funding sold the account at issue to Velocity Investments, LLC, and that SVTW, LP sold the account at issue to Velocity Investments, LLC.  Clearly there is a significant discrepancy in Defendants' earlier testimony and their new declaration, provided after the close of discovery. While Ms. Tran does not dispute that SVTW, LP owned the account at issue at some point, it is not at all clear that SVTW, LP sold the account at issue to Velocity Investments, LLC on March 20, 2017. | |
| D26 | On January 25, 2013, WebBank entered into a Second Amended and Restated Loan Sale Agreement ("WebBank Loan Sale Agreement,") with Prosper Marketplace, Inc. and Prosper Funding, LLC. | **Exhibit 6**, ¶ 4. | Admit. | |
| D27 | Pursuant to the WebBank Loan Sale Agreement, Prosper Funding, LLC and Prosper Marketplace, Inc. agreed to purchase loan accounts that were funded by WebBank. | **Exhibit 6**, ¶ 5. | Admit. | |
| D28 | When WebBank sold the loan to Prosper Funding LLC on June 25, 2015, that sale was made pursuant to the | **Exhibit 6**, ¶¶ 11, 12. | Admit in part, dispute in part.  In Fact D19, Defendants claim that the account at issue was sold "on the same | Fact D19, Fact P39,

Exhibit 47- "Event |

| | | | | | |
|---|---|---|---|---|---|
| | | WebBank Loan Sale Agreement. | | date the Borrower Registration Agreement was signed."  Ms. Nguyen "clicked" a box on Prosper Funding, LLC's website for the the "Borrower Registration Agreement and Limited Power of Attorney" on June 22, 2015.  It is unclear whether the date of sale claimed in D 19 or D28 is the accurate date: Ms. Tran is not a percipient witness, and the statements in D19 and D28 cannot simultaneously both be true as to the date. | History" (Bates stamp numbers Prosper 000118-Prosper 000120, Ex 32 to *Deposition of Michael J. Cassidy*)<br><br>Exhibit 23-Deposition of Michael J. Cassidy, page 100, lines 1-16 and page 102, lines 9-11 |
| | D29 | Separately, Prosper Funding LLC entered into a Loan Purchase Agreement with SVTW, L.P. ("SVTW") ("SVTW Loan Purchase Agreement") on April 17, 2015. | **Exhibit 6**, ¶ 6. | Admit. | |
| | D30 | Pursuant to the SVTW Loan Purchase Agreement, Prosper Funding LLC agreed to sell and SVTW agreed to purchase unsecured customer loans that were originated by WebBank. | **Exhibit 6**, ¶ 7. | Admit. | |
| | D31 | When Prosper subsequently sold the loan to SVTW, that sale was made pursuant to the SVTW Loan Purchase Agreement. | **Exhibit 6**, ¶ 12. | Admit. | |
| | D32 | After the Loan was sold | **Exhibit 6**, ¶¶ 18, | Admit. | |

| | | | | | |
|---|---|---|---|---|---|
| 1 2 | | to SVTW, it was charged off on February 1, 2017. | 21. | | |
| 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | D33 | Velocity was the only post-charge off purchaser. | **Exhibit 6**, ¶¶ 13, 22. | Dispute.  While Ms. Tran was not a participant in any claimed sale of the account at issue to Velocity, and thus has no direct knowledge, Ms. Tran notes that the designated witness for Mandarich Law Group, LLP continued to claim that 1) Velocity Investments, LLC purchased the account at issue from Prosper Funding, LLC even after this federal action was filed, and 2) Prosper Funding, LLC sold the debt at issue to Velocity.  Ms. Tran further notes that Velocity Investments, LLC's designated witness testified that he did not know who owned Ms. Tran's account at the time it was sold to Velocity Investments, LLC, and claimed no knowledge of SVTW, LP.  If English is to retain any meaning, it cannot simultaneously be true that Prosper Funding sold the account at issue to Velocity Investments, LLC, and that SVTW, LP sold the account at issue to Velocity Investments, LLC.  Clearly there is a | Exhibit 25- Deposition of Matthew DiPaolo, page 26, line 25 to page 28, line 9, page 28, lines 17 to page 29, line 7, page 53, lines 9-14 and page 82, lines 10-21

Exhibit 24- Deposition of Ryan Vos page 36, line 20 to page 37, line 23 |

| | | | significant discrepancy in Defendants' earlier testimony and their new declaration, provided after the close of discovery. While Ms. Tran does not dispute that SVTW, LP owned the account at issue at some point, it is not at all clear that SVTW, LP sold the account at issue to Velocity Investments, LLC. | |
|---|---|---|---|---|
| D34 | Prosper's payment history on the loan is accurate. | **Exhibit 26** at P. 35, L. 3-15. | Dispute.  Ms. Tran lacks knowledge as to how Prosper actually calculates the balance on her account, but is aware of the actual payments made by Plaintiff, and the basic mathematical fact that the amount received by Ms. Tran, $9,500.00, less the payments made by Ms. Tran, at least $6,078.24, is significantly less than the amount that Defendants claimed that Ms. Tran owed, $7,284.39. | Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶28, 31-35 |
| D35 | Plaintiff admits she has no reason to believe the balance calculated by Prosper is inaccurate. | **Exhibit 26** at P. 98 L 22-P. 104 L. 4. | Admit in part, dispute in part.  Ms. Tran lacks knowledge as to how Prosper actually calculates the balance on her account, but is aware of the actual payments made by Plaintiff, and the basic mathematical fact that the amount received by Ms. Tran, $9,500.00, | Exhibit 1- Declaration of Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶28, 31-35 |

Statement of Uncontroverted Facts

18-cv-02257-FMO-SHK

| | | | | less the payments made by Ms. Tran, at least $6,078.24, is significantly less than the amount that Defendants claimed that Ms. Tran owed, $7,284.39. | |
|---|---|---|---|---|
| D36 | Velocity maintains policies, procedures and practices with the intent to ensure that none of its business activities are unfair or result in a violation of governing law. | **Exhibit 5**, Declaration of Lindsey Svenson, ¶ 4. | Dispute.  This claim is both compound and legal in nature, as it simply states a legal conclusion, that Velocity Investments, LLC has policies and procedures in place to *any* unfair or illegal activity, *per se*. Turning to the specifics of this action, this claim is false because Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that *all* of the debts issued by WebBank though Prosper Funding, LLC's platform are sold to third party "investors," and that Prosper Funding, LLC does not own these debts at the time of charge-off, or at the time they are sold by third party investors to debt buyers such as Velocity Investments, LLC.  Despite that fact, Velocity Investments, | Defendant Mandarich Law Group, LLP's Answer and Affirmative Defenses to Plaintiff's Complaint, ¶30  Exhibit 2-Grace Dec, ¶4].  Exhibit 23, Cassidy Depo, page 27, line 2 to page 29, line 18, page 43, line 22 to page 44, line 16, page 52, line 21 to page 53, line 25, page 94, line 7 to page 95, line 7 and page 118, line 15 to page 123, line 22  Exhibit 24-Deposition of Ryan Vos, page 26, line 13 to page 27, line 20  Exhibit 25- |

| | | | | LLC filed a lawsuit falsely identifying Prosper Funding, LLC as the "charge-off creditor," falsely claimed that Prosper Funding, LLC sold the account at issue to Velocity Investments, LLC, and continued to claim that they had no knowledge of the real charge-off creditor, SVTW, LP, until October of 2019, after the close of discovery in this federal action. Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that "Promissory Notes" issued through that platform are signed by Prosper themselves, and not by the consumer, subject to a claimed "power of attorney."  Velocity actually had documents showing that the claimed "power of attorney" at issue in this action was not notarized, and bore no indicia of any witness (Exhibit 45), and so this document violated California Probate Code §4121(c), rendering any consent | DiPaolo Depo, page 26, line 25 to page 28, line 9, page 28, line 17 to page 29, line 7, and page 53, lines 9-14<br><br>Exhibit 45- "Borrower Promissory Note" Ex 29 to *Deposition of Michael J. Cassidy*].<br><br>Exhibit 49, - "Prosper Support" (Loan #362366) Ex 36 to *Deposition of Michael J. Cassidy*].<br><br>Exhibit 67- State Court Complaint filed in *Velocity Investments, LLC v Ngoc Jenny Nguyen,* Superior Court of California for the County of San Bernardino case number CIVDS1814035 |

| | | | | |
|---|---|---|---|---|
| | | | by Prosper to the "Borrower Promissory Note" invalid under California law, and rendering the "Borrower Promissory Note" invalid for lack of written consent under California's Statute of Frauds, California Civil Code §1624(a)(1). Despite this fact, Velocity not only sued Ms. Tran, but continues to prosecute their claims against her to this day.  Velocity clearly does not have policies and procedures in place to avoid failing to identify the charge-off creditor for their debts, to correctly identify the chain of title to their debts, or to avoid filing lawsuits on unenforceable contracts issued through Prosper Funding, LLC's platform by WebBank. | |
| D37 | Specifically, Velocity has created and instituted policies and procedure to ensure the following:<br>a.<br>That Velocity does not pursue, or cause to be pursued, any debt to which Velocity is not entitled;<br>b.<br>That Velocity possesses all account | **Exhibit 5**, ¶ 4. | Dispute.  This claim is both compound and legal in nature, as it simply states a legal conclusion.<br>This claim is false because Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and | Defendant Mandarich Law Group, LLP's Answer and Affirmative Defenses to Plaintiff's Complaint, ¶30<br><br>Exhibit 2-Grace Dec, ¶4]. |

| | | | | |
|---|---|---|---|---|
| | documentation regarding the balance and ownership of any debt it pursues;<br><br>c. That communication by or on behalf of Velocity do not contain any false and unfair representations. | | WebBank, is in a position to know that *all* of the debts issued by WebBank though Prosper Funding, LLC's platform are sold to third party "investors," and that Prosper Funding, LLC does not own these debts at the time of charge-off, or at the time they are sold by third party investors to debt buyers such as Velocity Investments, LLC.  Despite that fact, Velocity Investments, LLC filed a lawsuit falsely identifying Prosper Funding, LLC as the "charge-off creditor," falsely claimed that Prosper Funding, LLC sold the account at issue to Velocity Investments, LLC, and continued to claim that they had no knowledge of the real charge-off creditor, SVTW, LP, until October of 2019, after the close of discovery in this federal action. Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that "Promissory Notes" issued through that | Exhibit 23, Cassidy Depo, page 27, line 2 to page 29, line 18, page 43, line 22 to page 44, line 16, page 52, line 21 to page 53, line 25, page 94, line 7 to page 95, line 7 and page 118, line 15 to page 123, line 22<br><br>Exhibit 24- Deposition of Ryan Vos, page 26, line 13 to page 27, line 20<br><br>Exhibit 25- DiPaolo Depo, page 26, line 25 to page 28, line 9, page 28, line 17 to page 29, line 7, and page 53, lines 9-14<br><br>Exhibit 45- "Borrower Promissory Note" Ex 29 to *Deposition of Michael J. Cassidy*].<br><br>Exhibit 49, - "Prosper Support" (Loan #362366) Ex |

| | | | | platform are signed by Prosper themselves, and not by the consumer, subject to a claimed "power of attorney."  Velocity actually had documents showing that the claimed "power of attorney" at issue in this action was not notarized, and bore no indicia of any witness (Exhibit 45), and so this document violated California Probate Code §4121(c), rendering any consent by Prosper to the "Borrower Promissory Note" invalid under California law, and rendering the "Borrower Promissory Note" invalid for lack of written consent under California's Statute of Frauds, California Civil Code §1624(a)(1).  Despite this fact, Velocity not only sued Ms. Tran, but continues to prosecute their claims against her to this day.  Velocity clearly does not have policies and procedures in place to avoid failing to identify the charge-off creditor for their debts, to correctly identify the chain of title to their debts, or to avoid filing lawsuits on unenforceable | 36 to *Deposition of Michael J. Cassidy*].

Exhibit 67- State Court Complaint filed in *Velocity Investments, LLC v Ngoc Jenny Nguyen,* Superior Court of California for the County of San Bernardino case number CIVDS181403 5 |

| | | | | contracts issued through Prosper Funding, LLC's platform by WebBank. | |
|---|---|---|---|---|---|
| D38 | From on or about March, 2017 to on or about end of October, 2018, Velocity maintained detailed policies and procedures to facilitate and ensure fair business practices and compliance with applicable law. | **Exhibit 5**, ¶ 5; **Exhibits 52-58**. | | Dispute.  This claim is both compound and legal in nature, as it simply states a legal conclusion.<br>This claim is false because Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that *all* of the debts issued by WebBank though Prosper Funding, LLC's platform are sold to third party "investors," and that Prosper Funding, LLC does not own these debts at the time of charge-off, or at the time they are sold by third party investors to debt buyers such as Velocity Investments, LLC.  Despite that fact, Velocity Investments, LLC filed a lawsuit falsely identifying Prosper Funding, LLC as the "charge-off creditor," falsely claimed that Prosper Funding, LLC sold the account at issue to Velocity Investments, LLC, and continued to | Defendant Mandarich Law Group, LLP's Answer and Affirmative Defenses to Plaintiff's Complaint, ¶30<br><br>Exhibit 2- Grace Dec, ¶4].<br><br>Exhibit 23, Cassidy Depo, page 27, line 2 to page 29, line 18, page 43, line 22 to page 44, line 16, page 52, line 21 to page 53, line 25, page 94, line 7 to page 95, line 7 and page 118, line 15 to page 123, line 22<br><br>Exhibit 24- Deposition of Ryan Vos, page 26, line 13 to page 27, line 20<br><br>Exhibit 25- DiPaolo Depo, page 26, line 25 to page 28, line 9, page 28, |

| | | | | claim that they had no knowledge of the real charge-off creditor, SVTW, LP, until October of 2019, after the close of discovery in this federal action. Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that "Promissory Notes" issued through that platform are signed by Prosper themselves, and not by the consumer, subject to a claimed "power of attorney." Velocity actually had documents showing that the claimed "power of attorney" at issue in this action was not notarized, and bore no indicia of any witness (Exhibit 45), and so this document violated California Probate Code §4121(c), rendering any consent by Prosper to the "Borrower Promissory Note" invalid under California law, and rendering the "Borrower Promissory Note" invalid for lack of written consent under California's Statute of Frauds, | line 17 to page 29, line 7, and page 53, lines 9-14<br><br>Exhibit 45- "Borrower Promissory Note" Ex 29 to *Deposition of Michael J. Cassidy*].<br><br>Exhibit 49, - "Prosper Support" (Loan #362366) Ex 36 to *Deposition of Michael J. Cassidy*].<br><br>Exhibit 67- State Court Complaint filed in *Velocity Investments, LLC v Ngoc Jenny Nguyen,* Superior Court of California for the County of San Bernardino case number CIVDS181403 5 |

| | | | | |
|---|---|---|---|---|
| | | | California Civil Code §1624(a)(1). Despite this fact, Velocity not only sued Ms. Tran, but continues to prosecute their claims against her to this day.  Velocity clearly does not have policies and procedures in place to avoid failing to identify the charge-off creditor for their debts, to correctly identify the chain of title to their debts, or to avoid filing lawsuits on unenforceable contracts issued through Prosper Funding, LLC's platform by WebBank. | |
| D39 | To ensure meaningful review and quality control, each and every file that is opened is reviewed by two parties, first a Velocity Analyst and then the Servicing Manager. | **Exhibit 5**, ¶ 6; **Exhibit 54**. | Admit. | |
| D40 | Velocity's initial review consists of checking the type of account, interest rate being charged, statute of limitations, consumer's address, bankruptcy, litigant alert, military and death search through NACN, WEBRECON litigant alert, media if available at the time of opening and the balance due on each file. | **Exhibit 5**, ¶ 6; **Exhibit 54**. | Admit in part and dispute in part.  As to balance owed, this "review" apparently does not include checking to see if there is actually an enforceable written agreement to support any portion of the balance comprised of contractual fees and compound interest.  As to "media checked," this does not include | Exhibit 25- DiPaolo Depo, Page 82, lines 10-21 |

| | | | | checking for "investors" in the chain of title for debts issued by WebBank though Prosper Funding, LLC's software platform. | |
|---|---|---|---|---|---|
| D41 | One purpose, among others, of this review policy is for Velocity to immediately identify inaccuracies, inconsistencies, contest, or other condition which would render Velocity's business practice relative to the file unfair or unlawful. | **Exhibit 5**, ¶ 6. | | Dispute.  This claim is both compound and legal in nature, as it simply states a legal conclusion. This claim is false because Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that *all* of the debts issued by WebBank though Prosper Funding, LLC's platform are sold to third party "investors," and that Prosper Funding, LLC does not own these debts at the time of charge-off, or at the time they are sold by third party investors to debt buyers such as Velocity Investments, LLC.  Clearly Velocity does not check their "media" as carefully as they claim.<br><br>Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, | Defendant Mandarich Law Group, LLP's Answer and Affirmative Defenses to Plaintiff's Complaint, ¶30<br><br>Exhibit 2- Grace Dec, ¶4].<br><br>Exhibit 23, Cassidy Depo, page 27, line 2 to page 29, line 18, page 43, line 22 to page 44, line 16, page 52, line 21 to page 53, line 25, page 94, line 7 to page 95, line 7 and page 118, line 15 to page 123, line 22<br><br>Exhibit 24- Deposition of Ryan Vos, page 26, line 13 to page 27, line 20<br><br>Exhibit 25- DiPaolo Depo, |

| | | | | LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that "Promissory Notes" issued through that platform are signed by Prosper themselves, and not by the consumer, subject to a claimed "power of attorney." Velocity actually had documents showing that the claimed "power of attorney" at issue in this action was not notarized, and bore no indicia of any witness (Exhibit 45), and so this document violated California Probate Code §4121(c), rendering any consent by Prosper to the "Borrower Promissory Note" invalid under California law, and rendering the "Borrower Promissory Note" invalid for lack of written consent under California's Statute of Frauds, California Civil Code §1624(a)(1).<br><br>Clearly Velocity is not as careful to check for inaccuracies in the balances they sue upon as they claim. | page 26, line 25 to page 28, line 9, page 28, line 17 to page 29, line 7, and page 53, lines 9-14<br><br>Exhibit 45-"Borrower Promissory Note" Ex 29 to *Deposition of Michael J. Cassidy*].<br><br>Exhibit 49, -"Prosper Support" (Loan #362366) Ex 36 to *Deposition of Michael J. Cassidy*]. |
|---|---|---|---|---|---|
| D42 | A file will fail initial review if it is outside | **Exhibit 5, ¶ 7; Exhibit 54.** | | Dispute. Ms. Tran's balance is incorrect and | Defendant Mandarich |

| | | | | |
|---|---|---|---|---|
| | the applicable statute of limitations, the interest rate is usury, media is not proper, the file type is one which is not acceptable to Velocity, has an out of state address, the balance is incorrect or incalculable, or if the balance size is not within Velocity's parameters. | | the interest charged is improper as the "promissory note" at issue was not signed by Ms. Tran, and the "media" was apparently insufficient to identify SVTW, LP in the chain of title. | Law Group, LLP's Answer and Affirmative Defenses to Plaintiff's Complaint, ¶30<br><br>Exhibit 25-DiPaolo Depo, Page 82, lines 10-21 |
| D43 | Per the policy, "[i]f a file fails this initial review, the file is returned to the client without any further action by Velocity towards the consumer." | **Exhibit 5**, ¶ 7; **Exhibit 54**. | Admit. | |
| D44 | One purpose, among others, of this policy is for Velocity to immediately identify those accounts for which Velocity does not have requisite documents or an entitlement to collect. | **Exhibit 5**, ¶ 7. | Dispute.  This is a legal conclusion, compound, and furthermore, Ms. Tran's balance was incorrect and the interest charged is improper as the "promissory note" at issue was not signed by Ms. Tran, and the "media" was apparently insufficient to identify SVTW, LP in the chain of title, indicating the lack of the policies claimed. | Defendant Mandarich Law Group, LLP's Answer and Affirmative Defenses to Plaintiff's Complaint, ¶30<br><br>Exhibit 25-DiPaolo Depo, Page 82, lines 10-21 |
| D45 | "Velocity does not purchase accounts where there is no availability of original account level documentation." | **Exhibit 5**, ¶ 8; **Exhibit 53**. | Dispute: this is a legal conclusion, and the fact that Velocity Investments, LLC's designated witness could not even identify SVTW, LP, who Velocity now claims is the charge-off creditor, indicates otherwise. | Exhibit 25-Deposition of Matthew DiPaolo, page 26, line 25 to page 28, line 9 and page 53, lines 9-14 and page 82, lines 10-21 |

Statement of Uncontroverted Facts

18-cv-02257-FMO-SHK

| | | | | |
|---|---|---|---|---|
| D46 | Furthermore, "Velocity maintains a 50 state matrix of documents that are required in each jurisdiction, and uses this matrix to determine whether an account is suit eligible based on available documentation." | **Exhibit 5**, ¶ 8; **Exhibit 53**. | Dispute: this is a legal conclusion as to "required in each jurisdiction" and is compound as it deals with 50 state jurisdictions. | |
| D47 | This policy is designed to allow Velocity to conduct a "pre-suit assessment on the availability of evidence/documentation for suit prior to referring any account to pre-legal agencies or law firms in its legal network." | **Exhibit 5**, ¶ 8; **Exhibit 53**. | Dispute: this is a legal conclusion, and the fact that Velocity Investments, LLC's designated witness could not even identify SVTW, LP, who Velocity now claims is the charge-off creditor, indicates otherwise. | Exhibit 25- Deposition of Matthew DiPaolo, page 26, line 25 to page 28, line 9 and page 53, lines 9-14 and page 82, lines 10-21 |
| D48 | The purpose of this policy is to ensure that Velocity "pre-litigation and litigation practices preclude any use of unconscionable, false, deceptive, or misleading means." | **Exhibit 5**, ¶ 8; **Exhibit 53**. | Dispute.  This claim is both compound and legal in nature, as it simply states a legal conclusion. This claim is false because Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that *all* of the debts issued by WebBank though Prosper Funding, LLC's platform are sold to third party "investors," and that Prosper Funding, LLC does not own these debts at the time of | Defendant Mandarich Law Group, LLP's Answer and Affirmative Defenses to Plaintiff's Complaint, ¶30  Exhibit 2- Grace Dec, ¶4].  Exhibit 23, Cassidy Depo, page 27, line 2 to page 29, line 18, page 43, line 22 to page 44, line 16, page 52, line 21 to page 53, line 25, page 94, line 7 to |

Statement of Uncontroverted Facts

18-cv-02257-FMO-SHK

| | | | | charge-off, or at the time they are sold by third party investors to debt buyers such as Velocity Investments, LLC.  Clearly Velocity does not check their "media" as carefully as they claim. | page 95, line 7 and page 118, line 15 to page 123, line 22 |
| --- | --- | --- | --- | --- | --- |
| | | | | Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that "Promissory Notes" issued through that platform are signed by Prosper themselves, and not by the consumer, subject to a claimed "power of attorney."  Velocity actually had documents showing that the claimed "power of attorney" at issue in this action was not notarized, and bore no indicia of any witness (Exhibit 45), and so this document violated California Probate Code §4121(c), rendering any consent by Prosper to the "Borrower Promissory Note" invalid under California law, and rendering the "Borrower Promissory Note" invalid for lack | Exhibit 24-Deposition of Ryan Vos, page 26, line 13 to page 27, line 20

Exhibit 25-DiPaolo Depo, page 26, line 25 to page 28, line 9, page 28, line 17 to page 29, line 7, and page 53, lines 9-14

Exhibit 45-"Borrower Promissory Note" Ex 29 to *Deposition of Michael J. Cassidy*].

Exhibit 49, -"Prosper Support" (Loan #362366) Ex 36 to *Deposition of Michael J. Cassidy*]. |

| | | | of written consent under California's Statute of Frauds, California Civil Code §1624(a)(1). Clearly Velocity is not as careful to check for inaccuracies in the balances they sue upon as they claim. | |
|---|---|---|---|---|
| D49 | This policy procedurally prohibits Velocity from initiating litigation against an obligor to collect an account unless it can determine that all of the following conditions are met:<br><br>a. Velocity has the following information in its possession to support Velocity's pleadings in litigation:<br><br>(1) original account level documentation reflecting, at a minimum,<br><br>(i) the obligor's name,<br><br>(ii) the last four digits of the account number associated with the debt at the time of charge off,<br><br>(iii) the outstanding amount (excluding any post | **Exhibit 5**, ¶ 9; **Exhibit 53**. | Dispute. This claim is both compound and legal in nature, as it simply states a legal conclusion. This claim is false because Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that *all* of the debts issued by WebBank though Prosper Funding, LLC's platform are sold to third party "investors," and that Prosper Funding, LLC does not own these debts at the time of charge-off, or at the time they are sold by third party investors to debt buyers such as Velocity Investments, LLC. Clearly Velocity does not check their "media" as carefully as they claim. | Defendant Mandarich Law Group, LLP's Answer and Affirmative Defenses to Plaintiff's Complaint, ¶30<br><br>Exhibit 2- Grace Dec, ¶4].<br><br>Exhibit 23, Cassidy Depo, page 27, line 2 to page 29, line 18, page 43, line 22 to page 44, line 16, page 52, line 21 to page 53, line 25, page 94, line 7 to page 95, line 7 and page 118, line 15 to page 123, line 22<br><br>Exhibit 24- Deposition of Ryan Vos, page 26, line |

Statement of Uncontroverted Facts

18-cv-02257-FMO-SHK

| | | | |
|---|---|---|---|
| | charge-off payments); | | 13 to page 27, line 20 |
| | (2) a complete chain of title of all prior owners of debt, including a certified or properly authenticated bill of sale evidencing transfer of ownership, including a reference to the specific debt being collected upon; and | Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that "Promissory Notes" issued through that platform are signed by Prosper themselves, and not by the consumer, subject to a claimed "power of attorney." Velocity actually had documents showing that the claimed "power of attorney" at issue in this action was not notarized, and bore no indicia of any witness (Exhibit 45), and so this document violated California Probate Code §4121(c), rendering any consent by Prosper to the "Borrower Promissory Note" invalid under California law, and rendering the "Borrower Promissory Note" invalid for lack of written consent under California's Statute of Frauds, California Civil Code §1624(a)(1).

Clearly Velocity is not as careful to check for inaccuracies in the | Exhibit 25- DiPaolo Depo, page 26, line 25 to page 28, line 9, page 28, line 17 to page 29, line 7, and page 53, lines 9-14

Exhibit 45- "Borrower Promissory Note" Ex 29 to *Deposition of Michael J. Cassidy*].

Exhibit 49, - "Prosper Support" (Loan #362366) Ex 36 to *Deposition of Michael J. Cassidy*]. |
| | (3) Either

(i) a document signed by the obligor evidencing the opening of the account or

(ii) last pay statement or other statement reflecting actual use by the obligor. | | |

| | | | | |
|---|---|---|---|---|
| | | | balances they sue upon as they claim. | |
| D50 | Velocity also maintains fair and reasonable litigation practices. Upon receipt of an account for action, Velocity requires a licensed attorney's meaningful review of said account. | **Exhibit 5, ¶ 10; Exhibit 53.** | Dispute:  this is a legal conclusion. Furthermore, by Mandarich Law Group, LLP's own admission, where a Bill of Sale lists multiple sellers, Mandarich does not require its attorneys to know which seller sold the account on which they are filing suit. Clearly "meaningful account review" does not include ascertaining who sold the debt to Velocity Investments, LLC. | Exhibit 24-Deposition of Ryan Vos, page 46, line 13 to page 47, line 8 |
| D51 | Attorneys utilized by Velocity are expected to then retain further on the ground decision making authority on whether to place an account in suit that Velocity has referred for litigation. | **Exhibit 5, ¶ 10; Exhibit 53.** | Dispute: this is compound ambiguous, and conclusory. | |
| D52 | It is Velocity's policy to never initiate a legal collection lawsuit unless in possession of information including, but not limited to, the following: original account-level documentation; a chronological listing of the names of all prior owners of the debt and the date of each transfer of ownership of the debt, beginning with the name of the creditor at | **Exhibit 5, ¶ 11; Exhibit 53.** | Dispute.  This claim is both compound and legal in nature, as it simply states a legal conclusion.  This claim is false because Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a | Exhibit 23, Cassidy Depo, page 27, line 2 to page 29, line 18, page 43, line 22 to page 44, line 16, page 52, line 21 to page 53, line 25, page 94, line 7 to page 95, line 7 and page 118, line 15 to page 123, line 22 |

Statement of Uncontroverted Facts

18-cv-02257-FMO-SHK

| | | | | |
|---|---|---|---|---|
| | | the time of charge-off; a certified or otherwise properly authenticated copy of each bill of sale or other document evidencing the transfer of ownership of the debt, including a specific reference to the particular debt being collected upon, at the time of charge-off to each successive owner, including Velocity. | | position to know that *all* of the debts issued by WebBank though Prosper Funding, LLC's platform are sold to third party "investors," and that Prosper Funding, LLC does not own these debts at the time of charge-off, or at the time they are sold by third party investors to debt buyers such as Velocity Investments, LLC.  Clearly Velocity does not check their "media" as carefully as they claim: they could not even identify the "investor" for Ms. Tran's debt until after discovery closed in this matter. | Exhibit 24-Deposition of Ryan Vos, page 26, line 13 to page 27, line 20

Exhibit 25-DiPaolo Depo, page 26, line 25 to page 28, line 9, page 28, line 17 to page 29, line 7, and page 53, lines 9-14 and page 82, lines 10-21 |
| | D53 | To promote attorney compliance with Velocity's values and guidelines, Velocity has adopted a Vendor Management Policy, according to which Velocity tests and reviews at least annually the following non-exclusive operational areas of its vendors: licensing; complaints; FDCPA compliance; training and testing; attorney review, performance review, information security. | **Exhibit 5, ¶ 12; Exhibit 57.** | Admit. | |
| | D54 | According to this policy, Velocity | **Exhibit 5, ¶ 12; Exhibit 57.** | Admit. | |

| | | | | |
|---|---|---|---|---|
| | | outsources the legal collection process of receivable portfolios to third party law firms based on specific guidelines established by senior management. | | | |
| | D55 | One purpose, among others, of these policies is to facilitate and ensure legal compliance as well as the requisite independent review and decision making by a licensed attorney. | **Exhibit 5**, ¶ 12. | Dispute: this is compound ambiguous, and conclusory. | |
| | D56 | Velocity has also instituted detailed procedures to facilitate and ensure compliance with its policies. | **Exhibit 5**, ¶ 13. | Dispute.  This claim is both compound and legal in nature, as it simply states a legal conclusion. This claim is false because Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that *all* of the debts issued by WebBank though Prosper Funding, LLC's platform are sold to third party "investors," and that Prosper Funding, LLC does not own these debts at the time of charge-off, or at the time they are sold by third party investors to debt buyers such as Velocity Investments, LLC.  Clearly Velocity | |

does not check their "media" as carefully as they claim.

Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that "Promissory Notes" issued through that platform are signed by Prosper themselves, and not by the consumer, subject to a claimed "power of attorney." Velocity actually had documents showing that the claimed "power of attorney" at issue in this action was not notarized, and bore no indicia of any witness (Exhibit 45), and so this document violated California Probate Code §4121(c), rendering any consent by Prosper to the "Borrower Promissory Note" invalid under California law, and rendering the "Borrower Promissory Note" invalid for lack of written consent under California's Statute of Frauds, California Civil Code §1624(a)(1).

| | | | | | |
|---|---|---|---|---|---|
| | | | | Clearly Velocity is not as careful to check for inaccuracies in the balances they sue upon as they claim. | |
| | D57 | Velocity has instituted the following detailed File Import Procedures, requiring portfolio analysts to import all final sale files from the seller into a commercial legal software (hereinafter "CLS") system, and to reformat column headers and data fields so they are recognizable by the CLS. | **Exhibit 5**, ¶ 14; **Exhibit 53**. | Admit. | |
| | D58 | The File Import Procedure requires a "reasonableness check to confirm that the data loaded into CLS is correct." | **Exhibit 5**, ¶ 14; **Exhibit 53**. | Dispute:  the term "reasonableness" is really a legal conclusion: this is not a factual claim, and to the degree it is factual, it is too ambiguous to facilitate a substantive response. | |
| | D59 | One purpose, among others, of this procedure to ensure the accuracy and tracking of all account information. | **Exhibit 5**, ¶ 14. | Dispute:  the term "reasonableness" is really a legal conclusion: this is not a factual claim, and Ms. Tran is not required to speculate on the purpose of Velocity Investments, LLC's claimed "reasonables procedure." | |
| | D60 | Velocity maintains policies and specified procedures regarding the transfer of account documents, including review of checklists and comparison against | **Exhibit 5**, ¶ 15. | This is a legal conclusion, and not a factual claim, and to the degree it is factual, it is too ambiguous to facilitate a substantive response. | Exhibit 2- Declaration of Scott M. Grace in Support of Plaintiff's Motion for Partial |

| 1 | | seller-provided information, to avoid pursuing debts to which it may not be entitled and/or against persons who are not the obligated by the debt. | | Ms. Tran notes, as laid out above, that Velocity Investments, LLC is *still* pursuing unenforceable claims against Ms. Tran. | Summary Judgment, ¶4. |
|---|---|---|---|---|---|
| | D61 | Velocity maintains policies and specified procedures pertaining to confirmation that Velocity is in possession of account ownership documents to secure its compliance with various laws which govern Velocity's business activity, including, but not limited to, California's Rosenthal Act and the Fair Debt Buying Practices Act. | **Exhibit 5**, ¶ 17. | Dispute.  This claim is both compound and legal in nature, as it simply states a legal conclusion.

This claim is false because Velocity Investments, LLC, who regularly files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank, is in a position to know that *all* of the debts issued by WebBank though Prosper Funding, LLC's platform are sold to third party "investors," and that Prosper Funding, LLC does not own these debts at the time of charge-off, or at the time they are sold by third party investors to debt buyers such as Velocity Investments, LLC.  Clearly Velocity does not check their "media" as carefully as they claim: they could not even identify the "investor" for Ms. Tran's debt until after discovery closed in this | Exhibit 23, Cassidy Depo, page 27, line 2 to page 29, line 18, page 43, line 22 to page 44, line 16, page 52, line 21 to page 53, line 25, page 94, line 7 to page 95, line 7 and page 118, line 15 to page 123, line 22

Exhibit 24- Deposition of Ryan Vos, page 26, line 13 to page 27, line 20

Exhibit 25- DiPaolo Depo, page 26, line 25 to page 28, line 9, page 28, line 17 to page 29, line 7, and page 53, lines 9-14 and page 82, lines 10-21 |

| | | | | |
|---|---|---|---|---|
| | | | | matter. |
| D62 | Velocity purchased the Loan from Prosper Funding LLC. | **Exhibit 5**, ¶ 18; **Exhibit 50**. | Dispute.  Velocity Investments, LLC claims that Prosper Funding, LLC sold the account at issue to SVTW, LP, and that *SVTW, LP* sold the account at issue to Velocity Investments, LLC.  Prosper Funding, LLC's designated witness testified at deposition that Prosper Funding, LLC sold the account at issue to SVTW, LP, and not to Velocity Investments, LLC.  Velocity Investments, LLC now also claims that they bought the account at issue from Prosper Funding, LLC, despite Prosper Funding, LLC's claims to the contrary.  Normal ordinary English is not susceptible to this kind of twisting:  either Velocity Investments bought the debt from Prosper Funding, LLC, or they bought it from some other party, including possibly SVTW, LP.  At some point, Velocity Investments, LLC needs to decide on a set of facts and stick with them.  The fact that Prosper Funding may have had some | SUF D23 and D25  Exhibit 49- "Prosper Support" (Loan #362366) (Bates stamp numbers Prosper 000310, Ex 36 to *Deposition of Michael J. Cassidy*)  Exhibit 23- Deposition of Michael J. Cassidy, page 27, line 2 to page 29, line 18, page 43, line 22 to page 44, line 16, page 52, line 21 to page 53, line 25 and page 118, line 15 to page 123, line 22 |

| | | | | |
|---|---|---|---|---|
| | | | involvement with the sale of an account to Velocity Investments, LLC does not mean that Prosper Funding, LLC owned the account and sold it in their capacity as owner to Velocity Investments, LLC, which is clearly what Defendants are trying to intimate here, despite their clear knowledge of the falsity of that claim. | |
| D63 | Velocity received all Loan-related records from Prosper. | **Exhibit 5**, ¶ 18. | Dispute in part and admit in part.  This statement "all loan-related records" is ambiguous, leaving Ms. Tran poorly placed to admit or deny this claim: does this term include the Loan Purchase Agreement with SVTW, L.P. ("SVTW") ("SVTW Loan Purchase Agreement") described in SUF D29?  Ms. Tran believes and admits that Velocity Investments, LLC received some documents related to the account at issue from Prosper Funding, LLC, but is unsure what "all loan related documents" encompasses. | SUF D29 |
| D64 | As such, Velocity believed Prosper to be the seller of the Loan. | **Exhibit 5**, ¶ 18. | Dispute.<br><br>Velocity Investments, LLC, who regularly | Exhibit 2- Declaration of Scott M. Grace in Support of |

| | | | | files lawsuits with Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank is in a position to know that *all* of the debts issued by WebBank though Prosper Funding, LLC's platform are sold to third party "investors," and that Prosper Funding, LLC does not own these debts at the time of charge-off, or at the time they are sold by third party investors to debt buyers such as Velocity Investments, LLC.<br><br>The name "SVTW, LP" appears as a "seller" on the Bill of Sale under which Velocity Investments, Inc claims to have purchased Ms. Tran's account.<br><br>On April 11, 2019, SVTW, LP was identified by Velocity Investments, LLC as a party with knowledge regarding Ms. Tran's account in discovery.<br><br>Yet on July 26, 2019, Velocity Investments, LLC's designated witness claimed to have no knowledge of SVTW, LP, and did not | Plaintiff's Motion for Partial Summary Judgment, ¶¶7-8<br><br>Exhibit 3- Declaration of Stephen G. Recordon in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶18-19<br><br>Exhibit 12- Plaintiff's Interrogatories to Defendant Velocity Investments, LLC, Set One, Interrogatory 1<br><br>Exhibit 13- Defendant Velocity Investments, LLC's April 11, 2019 Responses to Plaintiff's Interrogatories, Interrogatory 1<br><br>Exhibit 23- Deposition of Michael J. Cassidy, page 27, line 2 to page 29, line 18 and page |

| | | | | know who owned Ms. Tran's account at the time it was sold to Velocity Investments, LLC | 52, line 21 to page 53, line 25 |
|---|---|---|---|---|---|
| | | | | Now, in October, Velocity somehow has knowledge of a contact between Prosper Funding, LLC and SVTW, LP that somehow failed to come up during the beginning of litigation between the parties in state court on June 4, 2018.  See SUF D29. | Exhibit 24- Deposition of Ryan Vos, page 26, line 13 to page 27, line 20 |
| | | | | | Exhibit 25- Deposition of Matthew DiPaolo, page 18, lines 13-24 and page 26, line 25 to page 28, line 9 |
| | | | | Velocity Investments, LLC's claims of complete ignorance as to the chain of title to the debt they filed suit on both lacks credibility, and contradicts their claims of policies and procedures to ascertain the chain of title to the debts they purchase. Their continued claim that they purchased the account issue from Prosper Funding, LLC when they know that Prosper Funding, LLC sold the debt at issue in 2015 cements this lack of credibility.  See SUF D61 | SUF D29, SUF D61 |
| D65 | Any error by Velocity in failing to discover the existence of an additional seller or sellers in the chain of | **Exhibit 5**, ¶ 19. | Dispute.  Velocity Investments, LLC, who regularly files lawsuits with | Exhibit 2- Declaration of Scott M. Grace in Support of Plaintiff's |

| | | | | |
|---|---|---|---|---|
| 1 | | title was unintentional and good faith. | | Mandarich Law Group, LLP on debts that were originated through Prosper Funding, LLC and WebBank is in a position to know that *all* of the debts issued by WebBank though Prosper Funding, LLC's platform are sold to third party "investors," and that Prosper Funding, LLC does not own these debts at the time of charge-off, or at the time they are sold by third party investors to debt buyers such as Velocity Investments, LLC.<br><br>The name "SVTW, LP" appears as a "seller" on the Bill of Sale under which Velocity Investments, Inc claims to have purchased Ms. Tran's account.<br><br>On April 11, 2019, SVTW, LP was identified by Velocity Investments, LLC as a party with knowledge regarding Ms. Tran's account in discovery.<br><br>Yet on July 26, 2019, Velocity Investments, LLC's designated witness claimed to have no knowledge of SVTW, LP, and did not know who owned Ms. | Motion for Partial Summary Judgment, ¶¶7-8<br><br>Exhibit 3- Declaration of Stephen G. Recordon in Support of Plaintiff's Motion for Partial Summary Judgment, ¶¶18-19<br><br>Exhibit 12- Plaintiff's Interrogatories to Defendant Velocity Investments, LLC, Set One, Interrogatory 1<br><br>Exhibit 13- Defendant Velocity Investments, LLC's April 11, 2019 Responses to Plaintiff's Interrogatories, Interrogatory 1<br><br>Exhibit 23- Deposition of Michael J. Cassidy, page 27, line 2 to page 29, line 18 and page 52, line 21 to |

| | | | | Tran's account at the time it was sold to Velocity Investments, LLC | page 53, line 25 |
|---|---|---|---|---|---|
| | | | | | Exhibit 24- Deposition of Ryan Vos, page 26, line 13 to page 27, line 20 |
| | | | | Now, in October, Velocity somehow has knowledge of a contact between Prosper Funding, LLC and SVTW, LP that somehow failed to come up during the beginning of litigation between the parties in state court on June 4, 2018.  See SUF D29. | Exhibit 25- Deposition of Matthew DiPaolo, page 18, lines 13-24 and page 26, line 25 to page 28, line 9 |
| | | | | Velocity Investments, LLC's claims of complete ignorance as to the chain of title to the debt they filed suit on both lacks credibility, and contradicts their claims of policies and procedures to ascertain the chain of title to the debts they purchase. Their continued claim that they purchased the account issue from Prosper Funding, LLC when they know that Prosper Funding, LLC sold the debt at issue in 2015 cements this lack of credibility.  See SUF D61 | SUF D29, SUF D61 |
| D66 | Had Velocity discovered the identity of an additional seller of the Loan, it would have updated its records to reflect the seller's | **Exhibit 5**, ¶ 20. | Dispute: This claim is, first of all, speculative and backwards.  Velocity is stating that if they knew about an | Exhibit 25- Deposition of Matthew DiPaolo, page 26, line 25 to page 28, line 9 |

| | identity and sought the missing chain of title documents from Prosper. | | additional seller they would have then looked for documents showing an additional seller.  It is Velocity's duty to ascertain the chain of title for the debts they purchase. When Velocity Investments, LLC's witness cannot even identify the seller of a debt *even after they are sued for failing to identify the seller*, this is a real indication of a lack of desire on the part of Defendants to investigate and disclose to consumers who owned the debts at issue and when. | and page 53, lines 9-14 |

Respectfully submitted;

Dated: October 31, 2019                     /s/ Stephen G. Recordon
                                            Stephen G. Recordon
                                            Attorney for Plaintiff

Dated: October 31, 2019                      /s/ Molshree Gupta
                                            Molshree Gupta
                                            Attorney for Defendant
                                            Velocity Investments, LLC

Dated: October 31, 2019                      /s/ Dara Chevlin Tarkowski
                                            Dara Chevlin Tarkowski
                                            Attorney for Defendant
                                            Velocity Investments, LLC

Dated: October 31, 2019                     /s/ Nicole M. Strickler
                                            Nicole M. Strickler
                                            Attorney for Defendant
                                            Mandarich Law Group, LLP

**Signature Certification**

I hereby certify that the content of this document is acceptable to Molshree Gupta, Dara Chevlin Tarkowski, both counsel for Defendant Velocity Investments, LLC and Nicole M. Strickler, counsel for Mandarich Law Group, LLP, and that I have obtained Ms. Gupta, Ms. Chevlin Tarkowski and Ms. Strickler's authorization to affix their respective electronic signatures to this document.

Dated: October 31, 2019                     /s/ Stephen G. Recordon
                                            Stephen G. Recordon
                                            Attorney for Plaintiff