# Exhibit 1 to Evidentiary Appendix

_____

In the case of:

Ngoc Jenny Tran v Velocity Investments, LLC, et al

Case No. 18-cv-02257-FMO-SHK

Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
1sgrecordon@gmail.com

Attorneys for Plaintiff Ngoc Jenny Tran

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Ngoc Jenny Tran, | Case No. 18-cv-02257-FMO-SHK |
|---|---|
| Plaintiffs, | Declaration of Plaintiff Ngoc Jenny Tran in Support of Plaintiff's Motion for Partial Summary Judgment |
| vs. | |
| Velocity Investments, LLC and Mandarich Law Group, LLP, | Judge: Hon. Fernando M. Olguin |
| Defendants. | |

1. I, Ngoc Jenny Tran, hereby declare under penalty of perjury, and pursuant to the laws of the United States, that the foregoing is true and correct.

2. If called as a witness, I would competently testify to the matters herein from my own personal knowledge.

3. I am a plaintiff in this matter.

4. On or about June 11, 2015, I began to fill out an application for credit on Prosper Funding, LLC's website.

5. In order to obtain a loan through Prosper Funding, LLC's website, I had to check, or "click" a box on various pages of their website, in order to indicate my consent to the terms on that page, or to indicate that I had received the disclosures on that page.

6. I did not finish the application process on June 11, 2015, and so I went back to Prosper Funding, LLC's website to finish the application on June 22, 2015.

7. Again, in order to obtain a loan through Prosper Funding, LLC's website, I had to check, or "click" a box on various pages of their website, in order to indicate my consent to the terms on that page, or to indicate that I had received the disclosures on that page.

8. On June 22, 2015, I "clicked" boxes on Prosper Funding, LLC's website to indicate that I either consented to the terms of the following documents, or received the disclosures in these documents:

    a. Phone Number Disclosure
    b. Income Disclosure
    c. Credit Bureau Disclosure
    d. Authorization to Debit Account
    e. Terms of Use and Electronic Consent
    f. Prosper Privacy Policy
    g. WebBank.com Privacy Policy
    h. Data Terms of Use
    i. Authorization to Obtain Credit report for loan listing

   j.  Listing Truth in Lending Disclosure

   k.  Borrower Registration Agreement and Limited Power of Attorney

  9. The "Borrower Registration Agreement and Limited Power of Attorney" that I saw, and clicked a checkbox for, is the same document by that name provided to this Court in Plaintiff's Appendix of Evidence, and is marked with Bates stamp numbers "Prosper 000052" to "Prosper 000061."

  10. I did not, however, "click" any box on Prosper Funding, LLC's website, or otherwise indicate my consent, or sign anything, electronically or physically, in the presence of any witness, or before a notary public, nor in any manner involving a notary public.

  11. In particular, I did not sign, electronically or physically, any document or agreement with Prosper Funding, LLC, entitled "Borrower Registration Agreement and Limited Power of Attorney" in the presence of any witness.

  12. I did not sign, electronically or physically, any document or agreement with Prosper Funding, LLC, entitled "Borrower Registration Agreement and Limited Power of Attorney" before a notary public, nor in any manner involving a notary public.

  13. No other adult signed, electronically or physically, any document or agreement with Prosper Funding, LLC, entitled "Borrower Registration Agreement and Limited Power of Attorney" in my presence, or with my consent.

  14. I had no idea at this point what the consequences of this document were, other than that I needed to click on a consent box in order to receive a loan.

  15. At the time I finished the application process, I had not even seen, much less signed, the "Borrower Promissory Note" that Velocity Investments, LLC later claimed as a basis to sue me.

  16. The closest thing to a "Borrower Promissory Note" that I had seen at that point was an *unfilled out* "Borrower Promissory Note" attached as an exhibit to Prosper's "Borrower Registration Agreement and Limited Power of Attorney."

17. That unfilled out exhibit did not list out the actual financial terms of any loan, but rather was an unfilled out sample form.

18. After that point, but that same day, my loan application was approved, or "fully funded" and the loan process was complete.

19. *After* that point, when the loan was already complete, a copy of a document entitled "Borrower Promissory Note" was placed in a webpage to which I had access through Prosper Funding, LLC's website, entitled "My Account."

20. At some point after that I viewed this document.

21. This document is the same document by that name provided to this Court in Plaintiff's Appendix of Evidence, and is marked with Bates stamp numbers "Prosper 000062" to "Prosper 000065."

22. I did not "click," or otherwise sign, or indicate my consent to this "Borrower Promissory Note."

23. In fact, I *could not* "click" or otherwise indicate any consent to the "Borrower Promissory Note" as there was no consent box to click and all that I could do with this document is to read it.

24. The document itself indicates consent by someone else, "Prosper Marketplace, Inc," and not by me.

25. There was no place on this document for me to indicate my consent, and no "click box" or other way I could see to indicate my consent to this document if I wanted to do so.

26. My last name was not even written correctly on this document, as "Tran" was not capitalized. I would never sign a document this way.

27. I did not know what to do with this document and so did nothing with it, as I had already received my loan, and was making payments.

28. While I applied for a $10,000.00 loan, I only received $9,500.00, which WebBank deposited directly into my bank account.

29. I used these funds for a number of things: I paid down part of a balance owed on a Capital One credit card and an American Express Card that I had used to pay for groceries and gasoline, and I also gave my mother money to help pay for her rent and food expenses.

30. The primary use of these funds was for personal, family and houseld expenses like the ones described above.

31. During the period from July of 2015 to October of 2016, I made at least sixteen payments of $379.89 each to Prosper Funding, LLC or Prosper Marketplace, Inc, for a total of at least $6,078.24, in payment for the $9,500.00 I received.

32. I paid back, at the least, all but $3,421.76 of the $9,500.00 I received on the account at issue.

33. On June 4, 2018, Mandarich Law Group, LLP ("Mandarich") filed a complaint ("State Court Complaint"), on behalf of and as agent for Velocity Investments, LLC ("Velocity"), in the Superior Court of California for the County of San Bernardino against me, in the matter of *Velocity Investments, LLC v. Ngoc Jenny Tran*, et al, case number CIVDS1814035 ("State Court Action").

34. Shortly after June 4, 2018, I received the State Court Complaint filed by Mandarich.

35. In this State Court Complaint, Mandarich and Velocity (collectively, "Defendants") alleged that I owed a debt of $7,284.39.

36. The disparity between the debt alleged by Defendants of $7,284.39, and the amount of consideration I received and was unable to pay back, $3,421.76, makes it obvious that all or part of this claimed disparity is based on compound interest in excess of ten percent simple interest and contractual fees, such as late fees.

37. When I received the State Court Complaint, I saw that on the first page, at paragraph 4, Velocity and Mandarich alleged that "The charge-off creditor at the time of charge-off is Prosper Funding, LLC…"

38.    I was confused by the fact that the documents attached to the State Court Complaint did not match the allegations of the State Court Complaint itself. Given the confusion over which contract was at issue, who the original creditor was, how title to any debt was assigned, to whom and when, and the striking disparity in the amount I received and the amount I was being sued for, it was difficult for me to assess how to proceed, or how to address the State Court Complaint.

39.    I was forced to retain counsel in order to get more information, and to help me sort through the chain of title, and to try to find out why Defendants alleged I owed so much more than I actually received.

40.    Defendants are still prosecuting their state court clams against me, under the same state court complaint, and trial in that case is currently set for December 18, 2019.

41.    In this matter, Nicole Strickler, counsel for Defendant Mandarich Law Group, LLP, deposed me on July 23, 2019.

42.    In that deposition, Ms. Strickler showed me a copy of the "Borrower Registration Agreement and Limited Power of Attorney" described above, and asked if I "clicked" a box to consent to that document.

43.    I told her that I had.

44.    Ms. Strickler then showed me a copy of the "Borrower Promissory Note" described above, and asked if I had agreed to this document "electronically."

45.    I thought that Ms. Strickler was telling me that this was one of the documents I had "clicked" through to get a loan, and I told her "Electronically, yes. Everything was done electronically" and that "That's how I got the loan. I had to go through this note."

46.    After examining these documents further, I realize that I confused the end of the "Borrower Registration Agreement and Limited Power of Attorney," which contains as an exhibit an unfilled out copy of a "Borrower Promissory Note," with the document that Ms. Strickler showed me, which is a filled out version of that

exhibit.

47.   As noted above, I did not actually see the filled out version of the Borrower Promissory Note" until after the loan was approved, and when I did see it, there was no "click box" or other way to consent: in fact it was signed by "Prosper Marketplace, Inc" and not by me.

48.   I declare nothing further.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 7th day of October, 2019, in Montclair, California.

_____
Ngoc Jenny Tran