| | |
|---|---|
| 625360 | 3/24/2016 |
| 318824 | 4/24/2015 |
| 537336 | 12/24/2015 |
| 503110 | 11/24/2015 |
| 504971 | 11/24/2015 |
| 445129 | 9/24/2015 |
| 172590 | 6/24/2014 |
| 444730 | 9/24/2015 |
| 533756 | 12/24/2015 |
| 363258 | 6/24/2015 |
| 391271 | 7/24/2015 |
| 235628 | 11/24/2014 |
| 624974 | 3/24/2016 |
| 504857 | 11/24/2015 |
| 625211 | 3/24/2016 |
| 392174 | 7/24/2015 |
| 504514 | 11/24/2015 |
| 418430 | 8/24/2015 |
| 294623 | 3/24/2015 |
| 362366 | 6/24/2015 |
| 252447 | 12/24/2014 |
| 421062 | 8/24/2015 |
| 128812 | 1/24/2014 |
| 128522 | 1/24/2014 |
| 295395 | 3/24/2015 |
| 173615 | 6/24/2014 |
| 654583 | 5/24/2016 |
| 362326 | 6/24/2015 |
| 276841 | 2/24/2015 |
| 147556 | 4/24/2014 |
| 534184 | 12/24/2015 |
| 444436 | 9/24/2015 |
| 506931 | 11/24/2015 |
| 446279 | 9/24/2015 |
| 418037 | 8/24/2015 |
| 503849 | 11/24/2015 |
| 390766 | 7/24/2015 |
| 391536 | 7/24/2015 |
| 537033 | 12/24/2015 |
| 503854 | 11/24/2015 |
| 236143 | 11/24/2014 |
| 537309 | 12/24/2015 |
| 362978 | 6/24/2015 |
| 610409 | 2/25/2016 |
| 506218 | 11/25/2015 |
| 655201 | 5/25/2016 |
| 563529 | 1/25/2016 |

App 0131

| | |
|---|---|
| 610358 | 2/25/2016 |
| 626111 | 3/25/2016 |
| 509217 | 11/25/2015 |
| 447073 | 9/25/2015 |
| 629541 | 3/25/2016 |
| 564114 | 1/25/2016 |
| 504973 | 11/25/2015 |
| 447536 | 9/25/2015 |
| 417748 | 8/25/2015 |
| 363727 | 6/25/2015 |
| 363958 | 6/25/2015 |
| 364464 | 6/25/2015 |
| 447347 | 9/25/2015 |
| 139696 | 3/25/2014 |
| 278343 | 2/25/2015 |
| 364779 | 6/25/2015 |
| 560473 | 1/25/2016 |
| 563763 | 1/25/2016 |
| 561698 | 1/25/2016 |
| 422187 | 8/25/2015 |
| 629805 | 3/25/2016 |
| 450591 | 9/25/2015 |
| 506156 | 11/25/2015 |
| 506600 | 11/25/2015 |
| 505369 | 11/25/2015 |
| 184491 | 7/25/2014 |
| 295960 | 3/25/2015 |
| 185087 | 7/25/2014 |
| 561427 | 1/25/2016 |
| 564351 | 1/25/2016 |
| 564489 | 1/25/2016 |
| 295909 | 3/25/2015 |
| 237153 | 11/25/2014 |
| 626762 | 3/25/2016 |
| 421770 | 8/25/2015 |
| 364472 | 6/25/2015 |
| 561077 | 1/25/2016 |
| 138552 | 3/25/2014 |
| 506185 | 11/25/2015 |
| 626467 | 3/25/2016 |
| 563997 | 1/25/2016 |
| 561590 | 1/25/2016 |
| 642394 | 4/26/2016 |
| 669845 | 7/26/2016 |
| 237062 | 11/26/2014 |
| 614067 | 2/26/2016 |
| 562832 | 1/26/2016 |

App 0132

| | |
|---|---|
| 174812 | 6/26/2014 |
| 611432 | 2/26/2016 |
| 565236 | 1/26/2016 |
| 562084 | 1/26/2016 |
| 657713 | 5/26/2016 |
| 366123 | 6/26/2015 |
| 364465 | 6/26/2015 |
| 475306 | 10/26/2015 |
| 365067 | 6/26/2015 |
| 562598 | 1/26/2016 |
| 562781 | 1/26/2016 |
| 679457 | 8/26/2016 |
| 644792 | 4/26/2016 |
| 236960 | 11/26/2014 |
| 366039 | 6/26/2015 |
| 102861 | 9/26/2013 |
| 297532 | 3/26/2015 |
| 642130 | 4/26/2016 |
| 475555 | 10/26/2015 |
| 339171 | 5/26/2015 |
| 278577 | 2/26/2015 |
| 476219 | 10/26/2015 |
| 364753 | 6/26/2015 |
| 566052 | 1/26/2016 |
| 562783 | 1/26/2016 |
| 211575 | 9/26/2014 |
| 474523 | 10/26/2015 |
| 139274 | 3/26/2014 |
| 566028 | 1/26/2016 |
| 296927 | 3/26/2015 |
| 567048 | 1/27/2016 |
| 564797 | 1/27/2016 |
| 391786 | 7/27/2015 |
| 476326 | 10/27/2015 |
| 478247 | 10/27/2015 |
| 477470 | 10/27/2015 |
| 564049 | 1/27/2016 |
| 480735 | 10/27/2015 |
| 198869 | 8/27/2014 |
| 139526 | 3/27/2014 |
| 162419 | 5/27/2014 |
| 392519 | 7/27/2015 |
| 477061 | 10/27/2015 |
| 279143 | 2/27/2015 |
| 507403 | 11/27/2015 |
| 648429 | 4/27/2016 |
| 563812 | 1/27/2016 |

App 0133

| | |
|---|---|
| 420917 | 8/27/2015 |
| 476263 | 10/27/2015 |
| 340536 | 5/27/2015 |
| 564623 | 1/27/2016 |
| 263735 | 1/27/2015 |
| 506254 | 11/27/2015 |
| 419479 | 8/27/2015 |
| 510216 | 11/27/2015 |
| 263747 | 1/27/2015 |
| 264166 | 1/27/2015 |
| 279220 | 2/27/2015 |
| 563755 | 1/27/2016 |
| 481656 | 10/27/2015 |
| 320315 | 4/27/2015 |
| 339461 | 5/27/2015 |
| 393035 | 7/27/2015 |
| 320604 | 4/27/2015 |
| 320231 | 4/27/2015 |
| 391510 | 7/27/2015 |
| 475900 | 10/27/2015 |
| 563542 | 1/27/2016 |
| 224009 | 10/27/2014 |
| 480432 | 10/27/2015 |
| 340485 | 5/27/2015 |
| 198303 | 8/27/2014 |
| 297778 | 3/27/2015 |
| 563666 | 1/27/2016 |
| 481425 | 10/27/2015 |
| 392103 | 7/27/2015 |
| 447394 | 9/28/2015 |
| 420970 | 8/28/2015 |
| 238419 | 11/28/2014 |
| 452298 | 9/28/2015 |
| 649089 | 4/28/2016 |
| 393106 | 7/28/2015 |
| 425109 | 8/28/2015 |
| 393805 | 7/28/2015 |
| 421916 | 8/28/2015 |
| 422021 | 8/28/2015 |
| 451458 | 9/28/2015 |
| 420217 | 8/28/2015 |
| 643147 | 4/28/2016 |
| 393760 | 7/28/2015 |
| 534983 | 12/28/2015 |
| 199562 | 8/28/2014 |
| 320957 | 4/28/2015 |
| 320932 | 4/28/2015 |

VEL000098

App 0134

| | |
|---|---|
| 394967 | 7/28/2015 |
| 569139 | 1/28/2016 |
| 565162 | 1/28/2016 |
| 649212 | 4/28/2016 |
| 424317 | 8/28/2015 |
| 163597 | 5/28/2014 |
| 534505 | 12/28/2015 |
| 568839 | 1/28/2016 |
| 565019 | 1/28/2016 |
| 568416 | 1/28/2016 |
| 568872 | 1/28/2016 |
| 392497 | 7/28/2015 |
| 321130 | 4/28/2015 |
| 394041 | 7/28/2015 |
| 538083 | 12/28/2015 |
| 534941 | 12/28/2015 |
| 162958 | 5/28/2014 |
| 340795 | 5/28/2014 |
| 321062 | 4/28/2015 |
| 447709 | 9/28/2015 |
| 133632 | 2/28/2014 |
| 237776 | 11/28/2014 |
| 321338 | 4/28/2015 |
| 394445 | 7/28/2015 |
| 393637 | 7/28/2015 |
| 565667 | 1/28/2016 |
| 449567 | 9/28/2015 |
| 392833 | 7/28/2015 |
| 630279 | 3/28/2016 |
| 238888 | 11/28/2014 |
| 320908 | 4/28/2015 |
| 224405 | 10/28/2014 |
| 477757 | 10/28/2015 |
| 565916 | 1/28/2016 |
| 424680 | 8/28/2015 |
| 566254 | 1/28/2016 |
| 480695 | 10/29/2015 |
| 212504 | 9/29/2014 |
| 566956 | 1/29/2016 |
| 630896 | 3/29/2016 |
| 679874 | 8/29/2016 |
| 668158 | 7/29/2016 |
| 394915 | 7/29/2015 |
| 536353 | 12/29/2015 |
| 479341 | 10/29/2015 |
| 96849 | 7/29/2013 |
| 322328 | 4/29/2015 |

App 0135

| | |
|---|---|
| 536285 | 12/29/2015 |
| 539343 | 12/29/2015 |
| 536753 | 12/29/2015 |
| 453000 | 9/29/2015 |
| 535694 | 12/29/2015 |
| 265769 | 1/29/2015 |
| 535658 | 12/29/2015 |
| 569862 | 1/29/2016 |
| 538821 | 12/29/2015 |
| 535987 | 12/29/2015 |
| 266265 | 1/29/2015 |
| 365743 | 6/29/2015 |
| 646622 | 4/29/2016 |
| 536015 | 12/29/2015 |
| 108637 | 10/29/2013 |
| 366471 | 6/29/2015 |
| 341722 | 5/29/2015 |
| 479485 | 10/29/2015 |
| 119027 | 11/29/2013 |
| 199662 | 8/29/2014 |
| 366915 | 6/29/2015 |
| 450374 | 9/29/2015 |
| 341669 | 5/29/2015 |
| 365899 | 6/29/2015 |
| 612094 | 2/29/2016 |
| 677326 | 8/29/2016 |
| 185906 | 7/29/2014 |
| 322770 | 4/29/2015 |
| 480836 | 10/29/2015 |
| 366743 | 6/29/2015 |
| 448654 | 9/29/2015 |
| 535745 | 12/29/2015 |
| 448657 | 9/29/2015 |
| 342133 | 5/29/2015 |
| 394384 | 7/29/2015 |
| 449485 | 9/29/2015 |
| 570447 | 1/29/2016 |
| 483876 | 10/29/2015 |
| 225593 | 10/30/2014 |
| 536719 | 12/30/2015 |
| 454569 | 9/30/2015 |
| 537947 | 12/30/2015 |
| 299255 | 3/30/2015 |
| 397751 | 7/30/2015 |
| 450124 | 9/30/2015 |
| 367682 | 6/30/2015 |
| 397454 | 7/30/2015 |

App 0136

| | |
|---|---|
| 631415 | 3/30/2016 |
| 485073 | 10/30/2015 |
| 536971 | 12/30/2015 |
| 508406 | 11/30/2015 |
| 628903 | 3/30/2016 |
| 298541 | 3/30/2015 |
| 451030 | 9/30/2015 |
| 299012 | 3/30/2015 |
| 186359 | 7/30/2014 |
| 481613 | 10/30/2015 |
| 163572 | 5/30/2014 |
| 480691 | 10/30/2015 |
| 91757 | 5/30/2013 |
| 298727 | 3/30/2015 |
| 367779 | 6/30/2015 |
| 299034 | 3/30/2015 |
| 397008 | 7/30/2015 |
| 507646 | 11/30/2015 |
| 322772 | 4/30/2015 |
| 366277 | 6/30/2015 |
| 298979 | 3/30/2015 |
| 508145 | 11/30/2015 |
| 322907 | 4/30/2015 |
| 212790 | 9/30/2014 |
| 455367 | 9/30/2015 |
| 665360 | 6/30/2016 |
| 186144 | 7/30/2014 |
| 148215 | 4/30/2014 |
| 298921 | 3/30/2015 |
| 450364 | 9/30/2015 |
| 481394 | 10/30/2015 |
| 455304 | 9/30/2015 |
| 253570 | 12/30/2014 |
| 396672 | 7/30/2015 |
| 680726 | 8/30/2016 |
| 212946 | 9/30/2014 |
| 398601 | 7/31/2015 |
| 681159 | 8/31/2016 |
| 398840 | 7/31/2015 |
| 538705 | 12/31/2015 |
| 538979 | 12/31/2015 |
| 254613 | 12/31/2014 |
| 300377 | 3/31/2015 |
| 300384 | 3/31/2015 |
| 538447 | 12/31/2015 |
| 226037 | 10/31/2014 |
| 299435 | 3/31/2015 |

App 0137

| | |
|---|---|
| 425457 | 8/31/2015 |
| 300248 | 3/31/2015 |
| 661509 | 5/31/2016 |
| 226646 | 10/31/2014 |
| 398184 | 7/31/2015 |
| 398948 | 7/31/2015 |
| 538532 | 12/31/2015 |
| 109069 | 10/31/2013 |
| 425481 | 8/31/2015 |
| 629515 | 3/31/2016 |
| 538747 | 12/31/2015 |
| 188032 | 7/31/2014 |
| 187028 | 7/31/2014 |
| 658541 | 5/31/2016 |
| 421285 | 8/31/2015 |
| 397183 | 7/31/2015 |
| 140112 | 3/31/2014 |
| 398538 | 7/31/2015 |
| 629305 | 3/31/2016 |
| 226770 | 10/31/2014 |
| 226079 | 4000 |

App 0138

# EXHIBIT 4



PROSPER SUPPORT

Signed in as: [redacted] Sign Out

Home | Members | Groups | Credit | Fraud Ops | Fraud Prevention | **Loans** | Marketing | Administration | Open Market | Folio | Servicing | Lender Services

# Loan #362366

**Loan Product:** Standard

**Listing ID:** 3060145 Debt consolidation **Borrower ID:** 3835314 Ngoc Jenny tran **Initial loan:** $10,000@21.61% **Origination:** Jun-24-2015 **Age / Term:** 20 / 36 months

**Loan Seller:** Prosper **Loan value:** $0.00 **Principal balance:** $0.00 **Status:** Defaulted

SUMMARY LISTINGS LENDERS (2) PAYMENTS (16) BANKRUPTCIES CREDIT LOAN_DETAIL (173) PERFORMANCE (1) PROJECTIONS (201)

## FILTER RESULTS

**User ID:** **Date range:** Jan 1 2005 to Mar 18 2019

Apply filter

## LENDERS

| Purchase date | Note ID | Seller | Buyer | Principal sold | Sale price |
|---|---|---|---|---|---|
| Mar-21-2017 08:03:28 AM | 362366-1 | 3528277 - camaraderi-gatherer436 | 5636293 - Prosper-Debt-Buyer | $6,603.11 | $826.78 |
| Jun-22-2015 04:22:42 PM | 362366-1 | 1 - prosper | 3528277 - camaraderi-gatherer436 | $10,000.00 | $10,000.00 |

**2** lenders

# EXHIBIT 5

# Borrower Promissory Note



## Promissory Note

Loan ID: 362366

Borrower Address: Ngoc Jenny tran, 10957 WHITEWATER AVE MONTCLAIR, CA 91763.

**1. Promise to Pay.** In return for a loan I have received, I promise to pay WebBank, a Utah-chartered Industrial Bank ("you") the principal sum of ten thousand dollars ($10,000.00), together with interest thereon commencing on the date of funding at the rate of twenty one and sixty one hundredths percent (21.61%) per annum simple interest. I understand that references in this Promissory Note ("Note") to you shall also include any person to whom you transfer this Note.

**2. Payments.** This Note is payable in 36 monthly installments of $379.89 each, consisting of principal and interest, commencing on the 24th day of July 2015, and continuing until the final payment date of June 24 2018, which is the maturity date of this Note. The final payment shall consist of the then remaining principal, unpaid accrued interest and other charges due under this Note. All payments will be applied first to any unpaid fees incurred as a result of failed automated payments or returned bank drafts or checks, as provided in Paragraph 11; then to any charges for making payments other than as provided in this Note; then to any late charges then due; then to any interest then due; and then to principal. No unpaid interest or charges will be added to principal.

**3. Interest.** Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest under this Note will accrue daily, on the basis of a 365-day year. If payments are made on time, my final payment will be in the amount of a regular monthly payment. Because of the daily accrual of interest and the effect of rounding, my final payment may be more or less than my regular payment. I acknowledge that, if I make my payments after the scheduled due date, this Note will not amortize as originally scheduled, which may result in a substantially higher final payment amount. The interest rate I will pay will be the rate I will pay both before and after any default.

**4. Late Charge.** If the full amount of any monthly payment is not made by its due date, I will pay you a late charge of equal to the greater of $15 or an amount equal to 5% of the late payment. I will pay this late charge promptly but only once on each late payment.

**5. Waiver of Defenses.** Except as otherwise provided in this Note, you are not responsible or liable to me for the quality, safety, legality, or any other aspect of any property or services purchased with the proceeds of my loan. If I have a dispute with any person from whom I have purchased such property or services, I agree to settle the dispute directly with that person.

**6. Certification; Exception to Waiver.** I certify that the proceeds of my loan will not be applied in whole or in part to postsecondary educational expenses (i.e., tuition, fees, required equipment or supplies, or room and board) at a college/university/vocational school, as the term "postsecondary educational expenses" is defined in Bureau of Consumer Financial Protection Regulation Z, 12 C.F.R. § 1026.46 (b)(3). I further certify that, to my knowledge, the proceeds of my loan will not be applied in whole or part to purchase property or services from any person to whom any interest in this Note may be assigned. If, notwithstanding the preceding sentence, any person from whom I have purchased such property acquires any interest in this Note, then Paragraph 5 will not apply to the extent of that person's interest, even if that person later assigns that person's interest to another person.

**7. Method of Payment.** I will pay the principal, interest, and any late charges or other fees on this Note when due. Those amounts are called "payments" in this Note. To ensure that my payments are processed in a timely and efficient manner, you have given me the choice of making my monthly payments (i) by automated withdrawal from an account that I designate using an automated clearinghouse (ACH) or other electronic fund transfer, or (ii) by bank drafts drawn by you on my behalf on my account each month; and I have chosen one of these methods. If I close my account or if my account changes or is otherwise inaccessible such that you are unable to withdraw my payments from that account or draw bank drafts on the account, I will notify you at least three (3) days prior to any such closure, change or inaccessibility of my account, and authorize you to withdraw my payments from, or draw bank drafts on, another account that I designate.

With regard to payments made by automatic withdrawals from my account, I have the right to (i) stop payment of a preauthorized automatic withdrawal, or (ii) revoke my prior authorization for automatic withdrawals with regard to all further payments under this Note, by notifying the financial institution where my account is held, orally or in writing at least three (3) business days before the scheduled date of the transfer. I agree to notify you orally or in writing, at least three (3) business days before the scheduled date of the transfer, of the exercise of my right to stop a payment or to revoke my prior authorization for further automatic withdrawals.

**8. Default and Remedies.** If I fail to make any payment when due in the manner required by Paragraph 7, I will be in default and you may at your option accelerate the maturity of this Note and declare all principal, interest and other charges due under this Note immediately due and payable. If you exercise the remedy of acceleration you will give me at least thirty (30) days prior notice of acceleration.

**9. Prepayments.** I may prepay this Note in full or in part at any time without penalty.

App 0142             PROSPER 000062

Borrower Promissory Note

**10. Waivers.** You may accept late payments or partial payments, even though marked "paid in full," without losing any rights under this Note, and you may delay enforcing any of your rights under this Note without losing them. You do not have to (a) demand payment of amounts due (known as "presentment"), (b) give notice that amounts due have not been paid (known as "notice of dishonor"), or (c) obtain an official certification of nonpayment (known as "protest"). I hereby waive presentment, notice of dishonor and protest. Even if, at a time when I am in default, you do not require me to pay immediately in full as described above, you will still have the right to do so if I am in default at a later time. Neither your failure to exercise any of your rights, nor your delay in enforcing or exercising any of your rights, will waive those rights. Furthermore, if you waive any right under this Note on one occasion, that waiver will not operate as a waiver as to any other occasion.

**11. Insufficient Funds Charge.** If I attempt to make a payment, whether by automated withdrawal from my designated account or by other means, and the payment cannot be made due to (i) insufficient funds in my account, (ii) the closure, change or inaccessibility of my account without my having notified you as provided in Paragraph 7, or (iii) for any other reason (other than an error by you), I will pay you an additional fee of $15.00 for each returned or failed automated withdrawal, bank draft or other item, unless prohibited by applicable law.

**12. Attorneys' Fees.** To the extent permitted by law, I am liable to you for your legal costs if you refer collection of my loan to a lawyer who is not your salaried employee. These costs may include reasonable attorneys' fees as well as costs and expenses of any legal action.

**13. Loan Charges.** If a law that applies to my loan and sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with my loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me.

**14. Assignment.** I may not assign any of my obligations under this Note without your written permission. You do not have to give me your permission. You may assign this Note at any time without my permission. Unless prohibited by applicable law, you may do so without telling me. My obligations under this Note apply to all of my heirs and permitted assigns. Your rights under this Note apply to each of your successors and assigns.

**15. Notices.** All notices and other communications hereunder shall be given in writing and shall be deemed to have been duly given and effective (i) upon receipt, if delivered in person or by facsimile, email or other electronic transmission, or (ii) one day after deposit prepaid for overnight delivery with a national overnight express delivery service. Except as expressly provided otherwise in this Note, notices to me may be addressed to my registered email address or to my address set forth above unless I provide you with a different address for notice by giving notice pursuant to this Paragraph, and notices to you must be addressed to WebBank at support@prosper.com or c/o Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Legal Department.

**16. Governing Law.** This Note is governed by federal law and, to the extent that state law applies, the laws of the State of Utah.

**17. Miscellaneous.** No provision of this Note shall be modified or limited except by a written agreement signed by both you and me. The unenforceability of any provision of this Note shall not affect the enforceability or validity of any other provision of this Note.

**18. Arbitration. RESOLUTION OF DISPUTES: I HAVE READ THIS PROVISION CAREFULLY, AND UNDERSTAND THAT IT LIMITS MY RIGHTS IN THE EVENT OF A DISPUTE BETWEEN YOU AND ME. I UNDERSTAND THAT I HAVE THE RIGHT TO REJECT THIS PROVISION, AS PROVIDED IN PARAGRAPH (i) BELOW.**

(a) In this Resolution of Disputes provision:

(i) "I," "me" and "my" mean the promisor under this Note, as well as any person claiming through such promisor;

(ii) "You" and "your" mean WebBank, any person servicing this Note for WebBank, any subsequent holders of this Note or any interest in this Note, any person servicing this Note for such subsequent holder of this Note, and each of their respective parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as the officers, directors, and employees of each of them; and

(iii) "Claim" means any dispute, claim, or controversy (whether based on contract, tort, intentional tort, constitution, statute, ordinance, common law, or equity, whether pre-existing, present, or future, and whether seeking monetary, injunctive, declaratory, or any other relief) arising from or relating to this Note or the relationship between you and me (including claims arising prior to or after the date of the Note, and claims that are currently the subject of purported class action litigation in which I am not a member of a certified class), and includes claims that are brought as counterclaims, cross claims, third party claims or otherwise, as well as disputes about the validity or enforceability of this Section 18.

(b) Any Claim shall be resolved, upon the election of either you or me, by binding arbitration administered by the American Arbitration Association or JAMS, under the applicable arbitration rules of the administrator in effect at the time a Claim is filed ("Rules"). **Any arbitration under this arbitration agreement will take place on an individual basis; class arbitrations and class actions are not permitted.** If I file a claim, I may choose the administrator; if you file a claim, you may choose the administrator, but you agree to change to the other permitted administrator at my request (assuming that the other administrator is available). I can obtain the Rules and other information about initiating arbitration by contacting

App 0143                                                PROSPER 000063

3/7/2019                                                    Borrower Promissory Note

the American Arbitration Association at 1633 Broadway, 10th Floor, New York, NY 10019, (800) 778-7879, www.adr.org; or by contacting JAMS at 1920 Main Street, Suite 300, Irvine, CA 92614, (949) 224-1810, www.jamsadr.com. Your address for serving any arbitration demand or claim is WebBank, c/o Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Legal Department.

(c) Claims will be arbitrated by a single, neutral arbitrator, who shall be a retired judge or a lawyer with at least ten years' experience. You agree not to invoke your right to elect arbitration of an individual Claim filed by me in a small claims or similar court (if any), so long as the Claim is pending on an individual basis only in such court.

(d) You will pay all filing and administration fees charged by the administrator and arbitrator fees up to $1,000, and you will consider my request to pay any additional arbitration costs. If an arbitrator issues an award in your favor, I will not be required to reimburse you for any fees you have previously paid to the administrator or for which you are responsible. If I receive an award from the arbitrator, you will reimburse me for any fees paid by me to the administrator or arbitrator. Each party shall bear its own attorney's, expert's and witness fees, which shall not be considered costs of arbitration; however, if a statute gives me the right to recover these fees, or fees paid to the administrator or arbitrator, then these statutory rights will apply in arbitration.

(e) Any in-person arbitration hearing will be held in the city with the federal district court closest to my residence, or in such other location as you and we may mutually agree. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. § 1-16, and, if requested by either party, provide written reasoned findings of fact and conclusions of law. The arbitrator shall have the power to award any relief authorized under applicable law. Any appropriate court may enter judgment upon the arbitrator's award. The arbitrator's decision will be final and binding except that: (1) any party may exercise any appeal right under the FAA; and (2) any party may appeal any award relating to a claim for more than $100,000 to a three-arbitrator panel appointed by the administrator, which will reconsider de novo any aspect of the appealed award. The panel's decision will be final and binding, except for any appeal right under the FAA. Unless applicable law provides otherwise, the appealing party will pay the appeal's cost, regardless of its outcome. However, you will consider any reasonable written request by me for you to bear the cost.

(f) YOU AND I AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN OUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. Further, unless both you and I agree otherwise in writing, the arbitrator may not consolidate more than one person's claims. The arbitrator shall have no power to arbitrate any Claims on a class action basis or Claims brought in a purported representative capacity on behalf of the general public, other borrowers, or other persons similarly situated. The validity and effect of this paragraph (f) shall be determined exclusively by a court, and not by the administrator or any arbitrator.

(g) If any portion of this Section 18 is deemed invalid or unenforceable for any reason, it shall not invalidate the remaining portions of this section. However, if paragraph (f) of this Section 18 is deemed invalid or unenforceable in whole or in part, then this entire Section 18 shall be deemed invalid and unenforceable. The terms of this Section 18 will prevail if there is any conflict between the Rules and this section.

(h) **YOU AND I AGREE THAT, BY ENTERING INTO THIS NOTE, THE PARTIES ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION. YOU AND I ACKNOWLEDGE THAT ARBITRATION WILL LIMIT OUR LEGAL RIGHTS, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION, THE RIGHT TO A JURY TRIAL, THE RIGHT TO CONDUCT FULL DISCOVERY, AND THE RIGHT TO APPEAL (EXCEPT AS PERMITTED IN PARAGRAPH (e) OR UNDER THE FEDERAL ARBITRATION ACT).**

(i) I understand that I may reject the provisions of this Section 18, in which case neither you nor I will have the right to elect arbitration. Rejection of this Section 18 will not affect the remaining parts of this Note. To reject this Section 18, I must send you written notice of my rejection within 30 days after the date that this Note was made. I must include my name, address, and account number. The notice of rejection must be mailed to WebBank, c/o Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Legal Department. This is the only way that I can reject this Section 18.

(j) You and I acknowledge and agree that the arbitration agreement set forth in this Section 18 is made pursuant to a transaction involving interstate commerce, and thus the Federal Arbitration Act shall govern the interpretation and enforcement of this Section 18. This Section 18 shall survive the termination of this Note and the repayment of any or all amounts borrowed thereunder.

**19. Electronic Transactions.** THIS NOTE INCLUDES YOUR EXPRESS CONSENT TO ELECTRONIC TRANSACTIONS AND DISCLOSURES, WHICH CONSENT IS SET FORTH IN THE SECTION ENTITLED "CONSENT TO DO BUSINESS ELECTRONICALLY" AS DISCLOSED IN OUR TERMS OF USE ON OUR WEBSITE, THE TERMS AND CONDITIONS OF WHICH ARE EXPRESSLY INCORPORATED HEREIN IN THEIR ENTIRETY. YOU EXPRESSLY AGREE THAT THIS NOTE MAY COMPRISE A "TRANSFERABLE RECORD" FOR ALL PURPOSES UNDER THE ELECTRONIC SIGNATURES IN GLOBAL AND NATIONAL COMMERCE ACT AND THE UNIFORM ELECTRONIC TRANSACTIONS ACT.

**20. Registration of Note Owners.** You have granted to Prosper Funding LLC and Prosper Marketplace, Inc. powers of attorney to appoint themselves or a third party as your authorized agent (in such capacity, the "Note Registrar") to maintain a book-entry system for recording the beneficial owners of interests in this Note (the "Note Owners"). If a Note Registrar is so appointed, the Note Registrar shall maintain such a book-entry system, any transfer by a Note Owner of its beneficial interest in this Note shall be effective only through the book-entry system maintained

App 0144                                                    PROSPER 000064

3/7/2019 Borrower Promissory Note

by the Note Registrar. Any such appointment will be made and any appointed Note Registrar may assign its duties as Note Registrar in relation to this Note to any person acquiring 100% beneficial interest in this Note without prior notice to you and without your prior consent.

By signing this Note, I acknowledge that I (i) have read and understand all terms and conditions of this Note, (ii) agree to the terms set forth herein, and (iii) acknowledge receipt of a completely filled-in copy of this Note.

Date: June 24 2015

By: Prosper Marketplace, Inc.

Attorney-in-Fact for Ngoc Jenny tran [Borrower]

(Signed Electronically)

Last Updated: September 25, 2013

Copyright © 2005-2019 Prosper Marketplace, Inc. All rights reserved.

App 0145

PROSPER 000065

# EXHIBIT 6

## AMENDED AND RESTATED PURCHASE AND SALE AGREEMENT

This Amended and Restated Purchase and Sale Agreement (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, this "Agreement") is made and entered into this 21st day of July, 2016 (the "Effective Date"), by and among Velocity Investments, LLC, a New Jersey limited liability company located at 1800 Route 34N, Suite 404A, Wall, NJ 07719 ("Purchaser"), Prosper Funding LLC, a Delaware limited liability company located at 221 Main Street, 3rd Floor, San Francisco, California 94105, as a seller of certain charged off loans (together with its affiliates Prosper Marketplace, Inc., a Delaware corporation, and Prosper Asset Holdings, LLC, a Delaware limited liability company, "Initial Seller") and as Servicer (as defined below), and each additional party that, together with Purchaser, Initial Seller and Servicer, executes and delivers a joinder agreement to become an additional seller hereunder (each such additional seller, an "Additional Seller", and Initial Seller and each Additional Seller individually, a "Seller" and collectively, the "Sellers").  Purchaser, Initial Seller, Servicer and each Additional Seller are each referred herein individually as a "Party" and collectively as the "Parties."

WHEREAS, each Seller is engaged in the business of acquiring unsecured consumer installment loans (collectively, "Loans") and Participations (as defined below) related to certain Loans;





"Additional Seller" shall have the meaning set forth in the preamble.

"Asset" means a Loan or a Participation.

"Borrower" means each obligor liable for the payment of an Asset or COL, including the borrower and each guarantor of the Asset.

"Closing Date" means, with respect to any sale of COLs pursuant to this Agreement, the date specified as the closing date in the related Bill of Sale, which shall be not less than two (2) Business Days after the related Cut-off Date and not more than one (1) Business Day later than the date of delivery to Purchaser of the related Purchased COL File.

"COL" means each Asset owned by a Seller that (a)(i) is owned by Initial Seller as of the date hereof or any date after the date hereof and during the Term and Servicer has designated or during the term of this Agreement designates as being charged-off as uncollectible, or (ii) is owned by an Additional Seller on or after the date of its relevant Joinder Agreement and Servicer has (as of such date) designated or prior to the end of the Term designates as being charged-off as uncollectible and (b) is identified in any Bill of Sale as being sold by a Seller to Purchaser under of this Agreement.

"COL Document" means, with respect to a COL, any application, borrower agreement, note, loan agreement, disclosure document, billing statement, notice, correspondence or other material document embodying such COL, relating to the origination thereof, the acquisition thereof by the relevant Seller (and each predecessor in interest thereto), or necessary to the servicing thereof, and that is in the possession or control of Servicer on behalf of such Seller.

2

*Confidential*

App 0148



"Initial Seller" shall have the meaning set forth in the preamble.



3

*Confidential*



"Purchaser" shall have the meaning set forth in the preamble.

"Seller" or "Sellers" shall have the meaning set forth in the preamble.

"Servicer" means Initial Seller in its capacity as servicer of Assets on behalf of any other Seller that is a Party hereto, or any successor servicer appointed by such Seller acting in its capacity as such.

4



In addition, unless the context otherwise requires, (a) the singular of each term used in this Agreement includes the plural and the plural of each such term includes the singular, (b) any definition of or reference to any agreement, instrument or other document shall be construed as referring to such agreement, instrument or other document as from time to time amended, restated, amended and restated, supplemented or otherwise modified (subject to any restrictions on such amendments, restatements, amendment and restatements, supplements or modifications set forth in this Agreement or any COL Document), and shall include all exhibits, schedules, annexes and other attachments thereto, (c) the words "hereto," "herein," "hereof" and "hereunder," and words of similar import when used in this Agreement, shall be construed to refer to this Agreement in its entirety and not to any particular provision thereof, (d) any reference herein to any person shall be construed to include such person's successors and permitted assigns, (e) any reference to any law shall include all statutory and regulatory provisions consolidating, amending, replacing or interpreting such law and any reference to any law or regulation shall, unless otherwise specified, refer to such law or regulation as amended, modified or supplemented from time to time, (f) the terms "Article" and "Section" refer to an article or section of this Agreement and the terms "Exhibit" and "Schedule" refer to an exhibit or schedule to this Agreement and (g) the symbol "$" refers to United States dollars or such coin or currency as at the time of payment is legal tender for the payment of public and private debts in the United States of America.

## SECTION 1- <u>SALE OF ASSETS AND CLOSING</u>

1.1     <u>Agreements to Sell and Purchase</u>.  On and subject to the terms and conditions of this Agreement (including, but not limited to, <u>Section 2.1</u>), Purchaser hereby agrees to purchase, accept and take delivery from any Seller all COLs identified in a Bill of Sale delivered on behalf of such Seller by Servicer at and effective as of the applicable Closing Date when Servicer delivers to Purchaser the Purchased COL File relating to such COLs, and each Seller hereby agrees to sell, convey, assign, transfer and deliver unto Purchaser all of its right, title and interest to each COL specified in a Bill of Sale delivered to Purchaser by Servicer on behalf of such Seller, including, without limitation, all right, title and interest of such Seller in and to (i) the right to payment of the unpaid principal amounts thereof, all accrued and unpaid interest and default interest, and all other penalties, charges and fees payable or reimbursable with respect thereto, (ii) the right to a complete copy of each COL Document, (iii) all rights and remedies of such Seller against each Borrower under or in relation to the related COL Documents and (iv) all proceeds of the foregoing.

5



1.4     <u>Bills of Sale</u>.  Each sale of COLs effected in accordance with this Agreement shall constitute a sale of COLs that were Assets that Servicer designated as being charged off as uncollectible in one or more monthly billing cycles specified in a Bill of Sale (as defined below).  Each such sale of COLs shall be documented and evidenced by (i) delivery by Servicer on behalf of the relevant Seller of an executed bill of sale (each, a "<u>Bill of Sale</u>") in the form attached hereto as <u>EXHIBIT A</u> specifying the COLs that are to be sold in such transaction, the related Closing Date, the related Book Value and the related Purchase Price, and having attached thereto such Affidavits as may be required in relation to such sale of such COLs pursuant to <u>Section 7</u> of this Agreement, (ii) if applicable, a UCC-1 financing statement form containing the information as provided in <u>EXHIBIT B</u> prepared by Servicer on behalf of such Seller, (iii) a Closing Statement prepared by Servicer on behalf of such Seller in the form attached hereto as <u>EXHIBIT B</u> and (iv) an executed Certificate of Asset Sale document obtained from the Originator by Servicer on behalf of such Seller substantially in the form attached hereto as <u>EXHIBIT K</u>.  Servicer will deliver a Bill of Sale on behalf of the relevant Seller within five (5) days of the applicable Closing Date.  The Parties hereto intend that subsequent closings shall take place on a monthly basis after the first Closing Date, on or around the 15th day of each month.

The Parties hereto intend that each sale, assignment and transfer by any Seller to Purchaser of COLs hereunder constitutes a true sale and absolute transfer of such COLs to Purchaser such that any interest in and title to such COLs would not be property of such Seller's estate if such Seller becomes a debtor in a case under any bankruptcy law.  To the extent that notwithstanding the foregoing intent of the Parties any court, arbitrator, or other judicial or regulatory authority determines that the transfer of any COLs pursuant this Agreement does not constitute a sale or absolute transfer thereof to Purchaser, the Parties agree that this Agreement comprises a security agreement as defined in the UCC and that the relevant Seller hereby grants to Purchaser a security interest in each COL specified in each Bill of Sale executed by Servicer on behalf of such Seller.

6



7



8

*Confidential*



9

*Confidential*



10

*Confidential*



11

*Confidential*

App 0157



12

*Confidential*



13

*Confidential*



14

*Confidential*



15

*Confidential*



16

*Confidential*



17

*Confidential*

App 0163



18

*Confidential*



19

*Confidential*



20

*Confidential*



21

*Confidential*

App 0167



22

*Confidential*



23

*Confidential*

App 0169



24

*Confidential*

App 0170



25

*Confidential*



26

*Confidential*

App 0172



27

*Confidential*

IN WITNESS WHEREOF, the Parties hereto have executed this Purchase & Sale Agreement as of the date first written above.

**PURCHASER**
VELOCITY INVESTMENTS, LLC

By: _____

Name: _JAMES MASTRIANI_

Title: _PRESIDENT_

Date: _9/23/16_

**INITIAL SELLER AND SERVICER**
PROSPER FUNDING LLC

By: _____

Name: _____

Title: _____

Date: _____

29

App 0174

*Confidential*

IN WITNESS WHEREOF, the Parties hereto have executed this Purchase & Sale Agreement as of the date first written above.

**PURCHASER**
VELOCITY INVESTMENTS, LLC

By: _____

Name: _____

Title: _____

Date: _____

**INITIAL SELLER AND SERVICER**
PROSPER FUNDING LLC

By: _____

Name: Sachin Adarkar

Title: Secretary

Date: September 26, 2016

29

*Confidential*



Schedule I

*Confidential*

App 0176



Exh A-1

*Confidential*



Exh B-1

*Confidential*

App 0178



Exh C-1

*Confidential*



Exh D-1

*Confidential*



Exh E-1

*Confidential*



Exh E-2

*Confidential*



Exh. F-1

*Confidential*



Exh. F-2

*Confidential*

App 0184



_____
(Notary Stamp)

Exh. G-1

*Confidential*



Exh. H-1

*Confidential*



Exh. H-2

*Confidential*



Exh. H-3

*Confidential*

Exh. H-4

*Confidential*



Exh. H-5

*Confidential*



Exh. I-1

*Confidential*



Exh. I-2

*Confidential*



Exh. J-1

*Confidential*



Exh. J-2

*Confidential*



Exh. K-1

*Confidential*

App 0195



Exh. L-1

*Confidential*

App 0196



Exh. L-2

*Confidential*



Exh. M-1

Exhibit N



Exh. M-2

*Confidential*

App 0199



Exh. M-3

*Confidential*



Exh. M-4

*Confidential*



Exh. M-5

*Confidential*

App 0202



Exh. M-6

*Confidential*

App 0203



Exh. M-7

*Confidential*

App 0204

# EXHIBIT 7

**JOINDER AGREEMENT**
**(PURCHASE AND SALE AGREEMENT)**

**JOINDER AGREEMENT (PURCHASE AND SALE AGREEMENT)** (this "Joinder"), dated as of October 3, 2016, made by SVTW, L.P. a Delaware limited partnership ("Additional Seller"), in favor of PROSPER FUNDING LLC, a Delaware limited liability company (together with its affiliates in their capacities thereunder as "Initial Seller" and "Servicer"), VELOCITY INVESTMENTS, LLC, a New Jersey limited liability company ("Purchaser"), and each other additional seller that has become party to or later becomes party to that certain Amended and Restated Purchase and Sale Agreement dated as of July 21, 2016 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Purchase Agreement") by execution and delivery of a joinder agreement as contemplated by the Purchase Agreement (each such other additional seller, Initial Seller and the Additional Seller, individually, a "Seller" and collectively, the "Sellers"). All capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Purchase Agreement.

Reference is also made to that certain Amended and Restated Loan Servicing Agreement dated as of August 21, 2015 between Additional Seller and Prosper Funding LLC in its capacity as servicer of certain Assets and COLs owned by Additional Seller prior to any sale thereof to Purchaser pursuant to the Purchase Agreement and any Bill of Sale (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Servicing Agreement").

**RECITALS**

WHEREAS, Initial Seller, Servicer and Purchaser have entered into the Purchase Agreement, and other Sellers may have entered or may later enter the Purchase Agreement by execution and delivery of Joinder Agreements substantially similar to this Joinder;

WHEREAS, the Purchase Agreement permits the Additional Seller to become a party to the Purchase Agreement by execution of this Joinder;

WHEREAS, the Additional Seller has agreed to execute and deliver this Joinder in order to become a party to the Purchase Agreement; and

WHEREAS, the Additional Seller and Servicer have agreed to expand, amend and modify certain rights and obligations of Servicer under the Servicing Agreement and that Servicer will have the authorities and powers to act as agent of the Sellers set forth in the Purchase Agreement in relation to the COLs in order to facilitate the sale thereof to Purchaser under the Purchase Agreement.

**AGREEMENT**

NOW, THEREFORE, IT IS AGREED:

1.      Purchase Agreement. By the execution and delivery of this Joinder by each party hereto, the Additional Seller hereby elects to become and is accepted by the other Parties as a Party to the Purchase Agreement, as a Seller thereunder (severally and not jointly with an any and all other Sellers), with the same force and effect as if originally named therein as Additional Seller and, without limiting the generality of the foregoing, hereby expressly assumes all obligations and liabilities of an Additional Seller thereunder. ▮▮▮▮▮▮▮▮▮▮▮

1

*Confidential*
ACTIVE 217583057v.1



2

*Confidential*
ACTIVE 217583057v.1



6.    <u>Limited Power of Attorney</u>.   The Additional Seller hereby constitutes and appoints Servicer as the Additional Seller's true and lawful attorney-in-fact to:

(a)    prepare and execute in the Additional Seller's name and on the Additional Seller's behalf, and deliver to Purchaser Bills of Sale within thirty (30) days of the date of this Joinder and monthly thereafter until the end of the Term, which execution and delivery by Servicer will commit the Additional Seller to sales of the COLs identified therein to Purchaser; and

3



4

*Confidential*
ACTIVE 217583057v.1

IN WITNESS WHEREOF, the undersigned has caused this Joinder to be duly executed and delivered as of the date first above written.

PROSPER FUNDING LLC, as Initial Seller and as Servicer

By: _____

Name:

Title:


VELOCITY INVESTMENTS, LLC, as Purchaser

By: _____

Name:

Title:


SVTW, L.P., as Additional Seller

By:  SVTW GP, LLC, its General Partner

By: _____

Name:  Scott Zemnick

Title:  Authorized Signatory

# EXHIBIT 8

DocuSign Envelope ID: 04DD2923-F267-48DE-8048-49B49B4FBDAE

## BILL OF SALE

      For value received and pursuant to the terms and conditions of the Purchase and Sale Agreement dated July 21, 2016, Prosper Funding LLC (on behalf of itself, Prosper Marketplace, Inc., a Delaware corporation, and Prosper Asset Holdings, LLC, a Delaware limited liability company, as "Initial Seller", and on behalf of Additional Sellers as "Servicer") hereby assigns effective as of the applicable Closing Date all rights, title and interest in and to those certain charged-off loans and/or related participation interests and all related receivables, judgments or evidences of debt described in Exhibit I attached hereto and made part hereof for all purposes to Velocity Investments, LLC ("Purchaser").

FILE NAME AND NUMBER:_ Prosper_Velocity_Flow_sale_7_2017

NUMBER OF ACCOUNTS: 1569

TOTAL UNPAID BALANCE: ███████

CLOSING DATE: March 20, 2017

PROSPER FUNDING LLC, as INITIAL SELLER

By: _____

Date: March 24, 2017

Title: Secretary

PROSPER ASSET HOLDING, LLC, as INITIAL SELLER

By: _____

Date: March 24, 2017

Title: Secretary

PROSPER MARKETPLACE, INC.,
As SERVICER on behalf of certain ADDITIONAL SELLERS

By: _____

Date: March 24, 2017

Title: Secretary



App 0213



App 0214







































App 0233



App 0234





App 0236







App 0239